### UNITED STATES. v. YOUNG.
No. 47663.

United States District Court
W. D. Washington, N. D.
Sept. 23, 1950.

J. Charles Dennis, United States Attorney, Seattle, Wash., for plaintiff.

Clarence A. Lirhus, Seattle, Wash., for defendant.

HALL, District Judge.

This is a proceeding under 28 U.S.C.A., § 2255.

On August 29, 1948 an indictment in two counts was filed against the defendant, charging him in Count I with forging the name of the payee to a U. S. Government check on or about June 17, 1947, and in Count II with uttering and passing the same check as true, on or about the same date. On September 10th, the defendant, then being represented by counsel, pleaded guilty to both counts. The matter was referred to the probation department and after report thereon, the defendant on November 12, 1948 was sentenced by the Honorable Lloyd L. Black, as Judge of this Court to four and one-half years and to pay a fine in the sum of $1,000 on Count I of the indictment, and to four and one-half years and to pay a fine in the sum of $1,000 on Count II of the indictment, with the specific provision that "the imprisonment on Count II shall run

consecutive to the sentence of imprisonment on Count I herein, to make an aggregate of Nine (9) years."

The petition filed in handwritten duplicate, requested the Court to appoint "competent and experienced counsel to aid and represent the defendant." No showing of poverty or inability to employ counsel of defendant's own choosing was made or attempted to be made. The Court nevertheless appointed Clarence A. Lirhus, Esq., a competent and experienced member of this bar to represent defendant, transmitted to him the copy of the petition, made available to him the files and records of the case, and after notice to the United States Attorney, set the matter down for hearing in open court. There appeared to be no need for the presence of the defendant, and his presence was not requested, so he was not present except by appointed counsel.

The petition does not attack the sentence on Count I. It attacks Count II only. While the petition is long, the substance of the attack on Count II is that it charges the same offense as contained in Count I, and that thus the defendant is put in double jeopardy for the same offense.

Before considering the merits of petitioner's claim it is first necessary to determine whether or not the petition is timely filed, i. e., whether or not the petitioner who has not yet begun to serve the sentence which he is attacking, can file a motion at this time under the provisions of 28 U.S.C.A. § 2255.

The text of the pertinent provisions of that section are as follows (italics supplied) :

"A *prisoner in custody under sentence* of a court established by Act of Congress claiming the right to be released upon the ground that *the sentence* was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose *such sentence,* or that *the sentence* was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed *the sentence* to vacate, set aside or correct *the sentence.*

"A motion for such relief may be made at *any* time."

At first blush, it would appear that the words "at any time" occurring in the second paragraph of the section would permit the filing of such petition prior to the commencement of the service of the sentence which is under attack. But those words must be read in connection with the first paragraph of the section, and with particular reference to the use of the words "*in custody* under sentence" and the words "*the* sentence," and "*such* sentence." When this is done it becomes apparent that the person must be in custody under *the sentence which is being attacked.* That being so, the petition is premature and must be disallowed on that ground alone. Moreover, in this connection, it must be assumed that Congress intended the section to be read in the light of the practicalities of the administration of the law. Surely Congress did not intend to burden the Courts with the grant of a new trial even on limited issues to every person in the federal prison system who has had imposed upon him consecutive sentences. To permit such motion to be filed at any time would permit exhaustion of remedy by appeal, and then let a convicted prisoner start all over again. Criminals who might be serving one sentence in one jurisdiction, and be convicted or plead guilty to another and entirely unrelated offense in another jurisdiction, could thus have not only their appellate remedy, but begin a new ride through the Courts, with the possibility that they may never begin the service of the sentence under attack, either due to the intervention of death, or from some other cause.

It should be noted that Section 2255 of U.S.C.A., Title 28, provides further that "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Thus, the section makes the motion provided for therein a condition prerequisite to an application for a writ of habeas corpus. The law is clear that a writ of habeas corpus will not lie to test the legality of a sentence under which the prisoner is not then being held. McNally v. Hill, 1934, 293 U.S. 131, at page 139, 55 S. Ct. 24, 79 L.Ed. 238; Holiday v. Johnston, 1940, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392; Demaurez v. Squier, 9 Cir., 1941, 121 F.2d 960.

Since the motion is contemplated as a preliminary step necessary before an application for a writ of habeas corpus will lie, it would seem logical that the motion likewise should be limited to attack on that sentence under which the prisoner was then serving time.

In any event the contentions of the petitioner are groundless on their merits. It is definitely settled in this Circuit by Demaurez v. Squier, 121 F.2d 960, 962; certiorari denied Ex parte Demaurez, 314 U.S. 661, 62 S.Ct. 122, 86 L.Ed. 530; rehearing denied 314 U.S. 714, 62 S.Ct. 364, 86 L.Ed. 569, that "The offense of forging and the offense of uttering a forged writing in violation of 18 U.S.C.A. § 73, supra, are separate and distinct offenses."

Nor is there any merit to the petitioner's contention that the government has carved out two serious offenses with severe punishment over a trivial check of $21.30. The defendant admitted that he and a group of others had over a period of some time been engaged in stealing U. S. Treasury Checks from post office boxes. He first began his depredations among the residences of his own race. He and each of the others were vague about the total amount, but it is evident from the record that the total was in the neighborhood of from $30,000 to $40,-000. They were professional thieves. They forged social security cards, liquor permits and other things to aid in the uttering of the checks. The defendant had had no legitimate employment for some years prior to his arrest. That he well knew the difference between forging and uttering is shown by the fact some of them stole the checks and others passed and uttered them. The defendant admits his share of such loot was several thousand dollars. His police record covers at least thirteen arrests, and at the time of his sentence some cases were pending in the State Courts of Washington, which were dismissed after the sentence here. As a crowning affront to the law, the defendant participated in the proceeds of a Treasury Check in a sum in excess of $2,-400 which was stolen either by the defendant or one of his confederates, while both were out on bail after their arrest on the within indictment. Had he been charged with every crime he admitted committing, his sentences could have exceeded a lifetime. In view of this, his effort to make it appear that he has been over punished for a trivial check assumes the proportions of being preposterous.

The motion is denied.