UNITED STATES of America

v.

Rafael GRECO, alias Ralph Demone, alias Ralph Marino, alias Raffi

and

William Vasilick, alias William Wasilick, alias William Miller, alias William Russon, alias Pollock.

No. 10515.

United States District Court
M. D. Pennsylvania.

July 2, 1956.

Joseph J. Walsh, Scranton, Pa., for petitioner.

Edwin M. Kosik, Asst. U. S. Atty., Scranton, Pa., for United States.

WATSON, District Judge.

■ William Vasilick, by his attorney, filed a petition for a writ of error coram nobis in this court. Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A., has abolished the ancient writ of coram nobis and this court will treat this petition as a motion to vacate, set aside or correct the sentence as provided under Section 2255 of Title 28 U.S.C.A. United States v. Spadafora, 7 Cir., 1952, 200 F. 2d 140.

The record and the file in this case show that, on May 29, 1942, in the United States District Court for the District of New Jersey, in Newark, New Jersey, petitioner was sentenced to a twenty-five year prison term and, on November 12, 1942, a twenty-five year sentence was imposed upon him in the United States District Court for the Middle District of Pennsylvania at Scranton, Pennsylvania. Service of the sentence imposed by the latter court, which sentence petitioner attacks, has not begun, which poses the question as to whether this petition is premature.

■ Relief under Section 2255 is limited to that available on habeas corpus, which is limited to release from present detention and is not available to test the legality of threatened detention. United States v. Young, D.C., 93 F.Supp. 76. A prisoner serving the first of two consecutive sentences is not serving the second and, therefore, it is clear that petitioner could not be released from his present confinement even if the sentence imposed in this jurisdiction were vacated or set aside. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238.

Section 2255 of Title 28 U.S.C.A. provides in part:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time."

The second paragraph allows a motion for relief to be made "at any time." However, logic demands that these words be read in connection with the first paragraph of the section and, when so read, it is clear that the person must be in custody under the sentence which is being attacked. Crow v. United States, 9 Cir., 186 F.2d 704, United States v. Young, supra.

■ Petitioner is currently serving the sentence imposed upon him in another jurisdiction and not the sentence imposed in this jurisdiction. The sentence imposed by this court is to commence upon the expiration of, or upon legal release from, any sentence or sentences the petitioner was serving, or which had been imposed upon him. Therefore, petitioner will not be in custody under the second sentence, that is, the sentence imposed in this jurisdiction, within the meaning of Section 2255, until he begins to serve such sentence.

The petition is premature and must be denied. An appropriate order will be filed herewith.