Robert E. ASKINS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13824.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 30, 1957.

Decided Jan. 16, 1958.

Mr. Edgar H. Brenner, Washington, D. C. (appointed by this Court), for appellant.

Mr. Fred L. McIntyre, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Thomas A. Flannery, Asst. U. S. Attys., were on the brief, for appellee.

Before PRETTYMAN, FAHY and DANAHER, Circuit Judges.

FAHY, Circuit Judge.

On December 29, 1938, appellant brought about the death by poison of a young woman whom he believed to be of ill-repute. He said that he intended to kill all prostitutes in town if he could. He was promptly arrested and on February 1, 1939, was indicted for first degree murder. His *outré* conduct led the United States Attorney to initiate pro-

ceedings which in turn led to a jury verdict that he was of unsound mind. He was committed to St. Elizabeths Hospital in April 1939. He remained there under treatment for 13 years, when, in February 1952, he was released as a social recovery.

On August 17, 1943, some 14 years ago, while he was in St. Elizabeths, the United States Attorney nol-prossed the indictment of February 1, 1939. Appellant had then been in St. Elizabeths more than 4 years, and he remained there for 9 additional years.

Nevertheless, some 16 years after the homicide, on November 1, 1954, appellant was reindicted for first degree murder, brought to trial, and was convicted of second degree murder.[1] We affirmed by a divided court, finding no reversible error by reason of any matter then presented to the court. Askins v. United States, 97 U.S.App.D.C. 407, 231 F.2d 741, certiorari denied 351 U.S. 989, 76 S.Ct. 1054, 100 L.Ed. 1502.

Thereafter appellant filed a motion in the District Court under 28 U.S.C. § 2255 (1952) to set aside his conviction on the grounds, raised for the first time, that when he was tried in 1954 the court was without jurisdiction to impose sentence and, also, that the sentence was in violation of his constitutional rights, including his rights under the Sixth Amendment. The case is before us now on his appeal from denial of this motion.

We do not reach the Sixth Amendment question of a speedy trial, for 18 U.S.C. § 3282 (1952) controls our decision. This statute reads:

"Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within three years next after such offense shall have been committed."

---

1. After release from St. Elizabeths in 1952 appellant had been indicted for second degree murder in connection with a 1954 homicide, wholly unrelated to that of 1938. On the Government's motion this indictment was dismissed.

Second degree murder, of which appellant was convicted, is not a capital offense. By reason of this statute, therefore, appellant may not now be punished for second degree murder, for the indictment resulting in his conviction was not found within three years after the offense but some 16 years after. There is no time limitation upon an indictment for the capital offense of first degree murder, see 18 U.S.C. § 3281 (1952), but a person may not validly be sentenced when convicted of second degree murder on an indictment good for first degree murder but not found within three years after the offense. The language of the federal statute itself and the decisions of numerous courts interpreting comparable statutes make this quite clear. Letcher v. State, 159 Ala. 59, 48 So. 805; People v. Myers, 39 Cal.App. 244, 178 P. 965; Drott v. People, 71 Colo. 383, 206 P. 797; Mitchell v. State, 157 Fla. 121, 25 So.2d 73; [2] Perry v. State, 103 Fla. 580, 137 So. 798; Blackmon v. State, 88 Fla. 188, 101 So. 319; State v. Brossette, 163 La. 1035, 113 So. 366; State v. Chevlin, Mo., 284 S.W.2d 563, 567; People v. Di Pasquale, 3d Dep't, 161 App.Div. 196, 146 N.Y.S. 523; McKinney v. State, 96 Tex.Cr.R. 342, 257 S.W. 258; State v. Crank, 105 Utah 332, 142 P.2d 178, 193, 170 A.L.R. 542; State v. King, 140 W.Va. 362, 84 S.E.2d 313, 47 A.L.R.2d 878; State v. Stafford, 89 W.Va. 301, 109 S.E. 326, 330–331.

The United States contends, however, that appellant did not raise this matter on his trial or on his appeal from the judgment of conviction which we affirmed in Askins v. United States, supra. This is true. But 28 U.S.C. § 2255 is plainly designed to permit a question which goes to the validity of the sentence to be raised for decision at any time. When a subject is within the limited class reviewable under section 2255 the fact that it is presented for the first time by motion under that section, though it could have been presented at the trial, at the sentencing, or on appeal from the judgment of conviction, is immaterial. Jordan v. United States District Court, 98 U.S.App.D.C. 160, 233 F.2d 362, reversed on other grounds, 352 U.S. 904, 77 S.Ct. 151, 1 L.Ed.2d 114.[3] That this case is within section 2255 we think is clear from the provisions of that section, which read in pertinent part as follows:

> "A prisoner in custody under sentence * * * claiming the right to be released upon the ground that the sentence was imposed in violation of the * * * laws of the United States * * * may move the court * * * to vacate, set aside or correct the sentence. * * *
>
> \* \* \* \* \* \*
>
> "* * * If the court finds that * * * the sentence imposed was

---

2. "To hold otherwise would be tantamount to allowing the prosecuting officer to determine whether or not the statute of limitations should or should not be applicable.

\* \* \* \* \*

A jury has said this man is not guilty of murder in the first degree and, therefore, he is entitled to every benefit to which any one else can be entitled who is also only guilty of murder in the second degree. This right of equal protection may not be taken away by the State choosing to proceed with the prosecution by some method which will deprive him of the benefit of the statute of limitations while others guilty of the like offense may have the benefit of the statute of limitations because the State has chosen to proceed with the prosecution by a differ-

ent method." Mitchell v. State, supra, 25 So.2d at page 75.

3. Not only does our Jordan decision support this proposition but in another portion of the opinion in that case we refrained from reaching under section 2255 the issue of lack of a speedy trial, in the absence of an "extreme case." We said the point was not raised at trial or on the direct appeal. The sole ground presented to the Supreme Court on the petition for certiorari was the denial of a hearing on the issue of a speedy trial. By reversing and remanding to the District Court for a hearing on the merits the Supreme Court appears to have ruled that failure to raise at trial or on direct appeal a point cognizable under section 2255 is no bar to its consideration in a section 2255 proceeding.

not authorized by law * * * the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."

■■ A sentence imposed for second degree murder upon an indictment timely for first degree murder, but found more than three years after the offense, is a sentence which is not authorized by law. This we think is plain from 18 U.S.C. § 3282, supra, and the cases we have cited. Appellant could not have objected to being tried on the indictment since it was for first degree murder, as to which there is no time limitation. When, however, the verdict of guilty of second degree murder was rendered, he could have objected to being sentenced, and indeed, he could have requested that only the issue of first degree murder be submitted to the jury. But he lost no right by not doing the latter. He was not required to ask for a verdict of either first degree murder or of not guilty; he could seek a verdict of either second degree murder or of not guilty; and his failure to object to being sentenced did not relieve the court of its own obligation to impose no sentence not authorized by the law applicable to the verdict which was rendered. The question of sentence—punishment —was one for the court. And an unlawful sentence is not made lawful by lack of prompt objection by the person sentenced. One of the explicit purposes of section 2255 is to furnish a means for setting aside a sentence imposed in violation of law whenever its unlawfulness is brought to the attention of the court by motion under that section, as was here done.

When the responsible public officials, or a grand jury, have not initiated an indictment until after three years have elapsed from the date of the alleged offense, the policy of the law evidenced by Act of Congress, section 3282, supra, is that no person shall be punished under such a delayed indictment except for a capital offense, unless there is some period other than three years fixed by statute in respect of the particular offense, which has not been done in respect of second degree murder. A consideration which no doubt entered into the adoption of this policy is applicable generally to statutes of limitations in both civil and criminal proceedings, namely, the handicap in ascertaining the truth after the lapse of years from the events in question.[4] The present case furnishes an impressive illustration of the wisdom of this policy, for the principal factual issue to be decided by the jury on the trial of appellant in 1954 was his mental condition sixteen years earlier, on December 29, 1938, the difficulty of ascertaining which is obvious.

In criminal proceedings no doubt Congress also had in mind in enacting statutes of limitations for offenses not capital that punishment is but one means by which a wound to society caused by such a breach of its laws may be healed, or the debt paid, and, moreover, that society is likely to be healthier on the whole if an individual suspected of a noncapital offense is either charged within a specified time, varying with the nature of the offense, or else is relieved of the never-ending possibility of public accountability for an accusation arising out of the long ago.[5]

4. See Chase Securities Corp. v. Donaldson, 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628, where the Supreme Court said:
"Statutes of limitations * * * are practical and pragmatic devices to spare * * * the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost."

5. The general limitation of three years applicable to non-capital offenses embodies "a long-standing congressional 'policy of repose' that is fundamental to our society and our criminal law." Bridges v. United States, 346 U.S. 209, 215–216, 73 S.Ct. 1055, 1059, 97 L.Ed. 1557.

The case would be different, however, were a statute of limitations applicable to the indictment itself. In that event the defense of the statute must be raised at the trial [6] or before trial on motion.[7] If this is not done and a verdict of guilty is rendered, sentence may be lawfully imposed. In other words, we differentiate that situation from our holding in the present case that the sentence was imposed in violation of law; for here no period of limitations was applicable to the indictment, so that the question of lawfulness of sentence did not arise until after the verdict. At this point section 3282 impinged upon the authority of the court to impose sentence. In this special situation, though not where a statute of limitations applies to the indictment and the defense is not seasonably raised, the sentence is subject to collateral attack under section 2255.

The sentence must be set aside, for it could not validly be imposed upon appellant for the noncapital offense of December 29, 1938, of which he was convicted, since the indictment under which he was tried was not found within three years of that offense. Moreover, appellant must be discharged. For when the case was here before no reversible error was found in the conduct of the trial itself, and no basis for a retrial now appears.[8] Because of the long delay in the indictment, the applicable statute simply precludes punishment for the offense of which appellant was convicted.

Reversed.

---

6. Biddinger v. Commissioner of Police, 245 U.S. 128, 135, 38 S.Ct. 41, 62 L.Ed. 193; United States v. Taylor, 2 Cir., 207 F. 2d 437; United States v. Franklin, 7 Cir., 188 F.2d 182; Roberts v. Hunter, 10 Cir., 140 F.2d 38, 40; Forthoffer v. Swope, 9 Cir., 103 F.2d 707, 709; Capone v. Aderhold, 5 Cir., 65 F.2d 130; Johnson v. United States, 13 Fed.Cas. 867, No. 7,418 (C.C.D.Mich.); Cf. United States v. Cook, 17 Wall. 168, 84 U.S. 168, 21 L.Ed. 538.

7. F.R.Crim.P. 12(b) 18 U.S.C.; Notes of Advisory Com. on F.R.Crim.P. 12(b); United States v. Laut, D.C.S.D.N.Y., 17 F.R.D. 31; United States v. J. R. Watkins Co., D.C.D.Minn., 16 F.R.D. 229.

8. There is no suggestion that he could be retried for first degree murder. In any event that would be precluded. Green v. United States, 78 S.Ct. 221.