UNITED STATES of America
v.
Raffael GRECO, alias Ralph Demone, alias Ralph Marino, alias "Raffi",
and
William Vasilick, alias William Wasilick, alias William Miller, alias William Russon, alias "Pollock".

No. 10515.

United States District Court
M. D. Pennsylvania.

Aug. 31, 1960.

See also 159 F.Supp. 830.

Joseph J. Walsh, Scranton, Pa., for petitioner.

Daniel H. Jenkins, U. S. Atty., William D. Morgan, Asst. U. S. Atty., Scranton, Pa., for defendants.

WATSON, District Judge.

The records and files in this case show that on May 29, 1942, in the United States District Court for the District of New Jersey, in Newark, New Jersey, William Vasilick was sentenced to a twenty-five year prison term. On November 12, 1942, a twenty-five year sentence was imposed upon him in the United States District Court for the Middle District of Pennsylvania at Scranton, Pennsylvania.

■ Through his attorney, Vasilick filed a petition for a writ of error coram nobis which this Court treated as a motion to vacate, set aside or correct the sentence as provided under 28 U.S.C.A. § 2255. United States v. Spadafora, 7 Cir., 1952, 200 F.2d 140. The motion was denied on the ground that it was premature inasmuch as the petitioner was not then serving the sentence which had been imposed by this Court. In a later motion Vasilick sought reconsideration of and reargument on the order denying the relief sought in the first motion. This motion was also denied and an appeal was taken to the United States Court of Appeals for the Third Circuit, 160 F.2d 631, which directed that the order appealed from be vacated and the cause was remanded to this Court for further proceedings.

Pursuant to an order of this Court a hearing was held on the motion at which time Vasilick appeared and testified in his own behalf.

The grounds upon which the motion is based are as follows:

(1) That while en route from Atlanta, Georgia, to Wilkes-Barre, Pennsylvania, the petitioner was not informed of his destination and while confined in the Luzerne County Prison in Wilkes-Barre, Pennsylvania, he was denied the right to communicate with his family or with counsel of his choice. It is alleged that such treatment was in violation of petitioner's rights as guaranteed by the 6th Article of Amendment to the Constitution of the United States.

(2) That when petitioner was arraigned before the United States Court for the Middle District of Pennsylvania on the 4th day of November, 1942, he was without counsel and, at the moment that petitioner was called to trial, Honorable Albert W. Johnson, one of the Judges of the United States District Court for the Middle District of Pennsylvania, appointed Attorney Joseph J. Walsh, a member of the Bar of said Court, as counsel for petitioner.

(3) That the petitioner and Attorney Walsh had never met prior to that time and that petitioner had no opportunity to discuss the case with his counsel, and that no continuance was granted by the Court which would have given counsel some time to prepare his case. Petitioner alleges that these circumstances violated his rights as guaranteed by the 5th Article of Amendment to the Constitution of the United States.

(4) That during the entire trial the petitioner and his co-defendant, Raffael Greco, were manacled together by a Deputy United States Marshal in the presence of the jury and escorted from the courtroom guarded by Deputy United States Marshals with drawn guns who had previously cleared the corridors. Upon the return of the petitioner and his co-defendant to the courtroom they were again manacled together and again escorted by Deputy United States Marshals with drawn guns in cleared corridors and the manacles were removed in the courtroom in the presenece of the jury, all of which was highly prejudicial to the petitioner and which denied him his constitutional right to a fair and impartial trial.

(5) That petitioner is not guilty of the offense for which he was indicted, tried, convicted, sentenced and imprisoned in this case.

■ The first part of the allegation enumerated (1) above, that petitioner was not informed of his destination, is contradicted by the testimony of Samuel L. Carter, who is employed at the United States Penitentiary at Atlanta, Georgia, as an Administrative Assistant in Classification and Parole. Mr. Carter testified that he had personally forwarded two. letters to the petitioner. The first letter, dated "June 16, 1942", informed the petitioner that a detainer was lodged against his release from the penitentiary at Atlanta by the United States Marshal for the Middle District of Pennsylvania charging petitioner with bank robbery. The second letter, dated "September 2, 1942", provided the petitioner with notice that the United States Attorney at Scranton, Pennsylvania, had lodged a detainer against his release charging bank robbery. Mr. Carter testified further that Vasilick arrived at Atlanta on June 13, 1942.

It is clear that the records of the penitentiary and the testimony of Mr. Carter supply ample evidence that Vasilick was aware of the charges outstanding against him. Accordingly, it is the belief of the Court that Vasilick had full knowledge of his destination upon his departure from the penitentiary at Atlanta.

The second part of the allegation, that petitioner was not allowed to communicate with family or counsel, is also without merit. It is unknown to the Court whether or not the petitioner desired such communication, but, from the testimony of William B. Healey, Warden of Luzerne County Prison, who also was Warden at the time of petitioner's detention in that prison, it is clear that Vasilick made no request to communicate with anyone outside the prison.

■ As to (2), that petitioner was without counsel until he was called to trial, the Court finds that the transcript of the trial proceedings verifies this allegation. However, (2) must be read with (3) which alleges that the petitioner and his counsel had not met prior to the time petitioner was called to trial and that they had no opportunity to discuss the case and that the Court did not order a continuance. The transcript of the trial proceedings does not contain a request by counsel for a continuance and in the absence of such request error cannot now be assigned to the trial court for having failed to direct a continuance. In addition, the shortness of time available for discussion between petitioner and his counsel does not indicate that counsel was without knowledge of either the facts or the law throughout the trial.

■ As to (4), that petitioner and his co-defendant were manacled together in view of the jury, there was only the testimony of the petitioner to support this allegation. However, even if this Court assumes such allegation to be true, it does not afford a ground for relief. Vasilick was a convicted bank robber who was then serving a prison sentence and the trial court was justified in taking such steps as it deemed necessary to ensure the safety of those in attendance at the trial and to maintain proper security of the prisoners. In the absence of a clear abuse of discretion on the part of the trial court such measures are not grounds for vacation of the conviction.

As to (5), that petitioner is not guilty of the offense for which he was indicted, tried, convicted, sentenced and imprisoned, such allegation is not a ground for relief under Section 2255.

An appropriate order shall accompany this opinion.