**UNITED STATES of America,
Appellee,**

v.

**Andrew GIRONDA, Appellant.**

**No. 90, Docket 26351.**

United States Court of Appeals
Second Circuit.

Argued Oct. 7, 1960.

Decided Nov. 16, 1960.

Samuel Boxer, White Plains, N. Y., for appellant.

Alfred Donati, Jr., Asst. U. S. Atty., Southern District of New York, Brooklyn, N. Y. (S. Hazard Gillespie, Jr., U. S. Atty., and David R. Hyde, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before HINCKS, WATERMAN and MOORE, Circuit Judges.

PER CURIAM.

Gironda was convicted, along with one Arlene Cohn, for violation of the federal narcotics laws, after a four day trial before Judge Weinfeld and a jury. We affirmed, 267 F.2d 312, and the Supreme Court denied certiorari, 361 U.S. 848, 80 S.Ct. 104, 4 L.Ed.2d 86. Gironda now seeks to have the sentence set aside, principally on the ground that at one stage in the trial his lawyer said he was not feel-

ing well, whereupon after a conference in the robing room the judge at his lawyer's request ruled that he (Gironda) might have the benefit of objections made by counsel for a codefendant. This, he now claims, deprived him of his right to choice of counsel. The Government has filed a motion to dismiss this appeal as frivolous, but we deny this motion and consider the appeal on its merits.

■ Judge Weinfeld, the trial judge, however, explicitly found defendant's trial counsel to be "thoroughly competent and able" as did Judge Cashin on his reading of the record on this motion. And upon our independent examination of the record, it is clear that he thoroughly and effectively represented Gironda throughout the trial. Gironda may have received some assistance from counsel for a codefendant but his own trial counsel was never replaced. Having been represented throughout by able and competent counsel of his own choice he was not deprived of counsel. The cases relied upon by Gironda on appeal, Glasser v. United States, 315 U.S. 60, 75, 62 S.Ct. 457, 86 L.Ed. 680, and United States v. Harris, D.C.S.D.Cal., 155 F.Supp. 17, are inapposite, since they involve defendants forced to share their counsel with codefendants, rather than one such as the defendant who had his own counsel and additionally received the benefit of objections made by codefendant's counsel.

■ Nor did Gironda have any right to be present at the conference in the robing room during the discussion as to the permissibility of collaboration between counsel for the codefendants and participation by each. Cf. United States v. Jakalski, 7 Cir., 267 F.2d 609, 611–612, certiorari denied 362 U.S. 936, 80 S. Ct. 759, 4 L.Ed.2d 751. Finally, since there was actually no arguable issue as to the mental or physical ability of his trial counsel to provide Gironda with effective representation, Gironda was not entitled to a hearing on that "issue." Indeed, the conviction is not subject to attack on claims such as these all of which could have been raised on trial and on direct appeal. United States v. De Fillo, D.C.S.D.N.Y., 182 F.Supp. 782, affirmed 2 Cir., 277 F.2d 162; Kyle v. United States, 2 Cir., 266 F.2d 670, certiorari denied 361 U.S. 870, 80 S.Ct. 131, 4 L.Ed.2d 109; Sanders v. United States, 4 Cir., 230 F.2d 127, certiorari denied 351 U.S. 955, 76 S.Ct. 852, 100 L.Ed. 1478. For all these claims are based on facts within the actual knowledge of Gironda, and certainly of his trial counsel, obtained before the evidence was closed. The case of Askins v. United States, 102 U.S.App.D.C. 198, 251 F.2d 909, cited by the appellant, is not to the contrary.

Motion to dismiss the appeal denied; order below affirmed.