**UNITED STATES of America**

v.

**William VASILICK, Appellant.**

**No. 13419.**

United States Court of Appeals Third Circuit.

Argued Feb. 23, 1961.

Decided April 26, 1961.

Joseph J. Walsh, Scranton, Pa., for appellant.

Daniel R. Minnick, Asst. U. S. Atty., Scranton, Pa (Daniel H. Jenkins, U. S. Atty., Scranton, Pa., on the brief), for appellee.

Before KALODNER, STALEY and FORMAN, Circuit Judges.

PER CURIAM.

This is an appeal from the Order of the United States District Court for the Middle District of Pennsylvania denying the petition of appellant, William Vasilick, for a Writ of Error Coram Nobis.

The petition filed under 28 U.S.C.A. § 2255 was premised on these grounds: (1) Vasilick was held incommunicado for two weeks prior to trial; (2) court-appointed counsel for Vasilick was denied a request for continuance so that he might have reasonable opportunity to prepare for trial and (3) petitioner was handcuffed in the presence of the jury during his trial.

The record discloses that Vasilick was indicted in the Middle District of Pennsylvania on June 2, 1942, together with two other persons, for armed robbery of the First Stroudsburg National Bank, in Pennsylvania, on August 5, 1941; he was arraigned on November 4, 1942 at which time the trial court appointed an experienced trial counsel, Joseph J. Walsh, Esq., to represent him; a plea of not guilty was entered; a jury was immediately drawn and the taking of testimony commenced the following day; the jury returned a verdict of guilty and Vasilick was sentenced on November 12, 1942 to serve a term of 25 years which was to run consecutive to a 25-year prison sentence imposed on him on May 29, 1942, following his conviction for another bank robbery in the state of New Jersey.

After hearing on January 27, 1960, the District Court on August 31, 1960 entered the Order now under review.

In an Opinion, which made Findings of Fact and Conclusions of Law, accompanying its Order, the District Court found that the record failed to sustain the contention that Vasilick had been held incommunicado and that it further failed to establish that Vasilick or his counsel had requested the trial court to order a continuance of his trial. It dismissed as irrelevant the ground that Vasilick had been manacled during the trial.

The petition in the instant case was filed by Walsh who had served as Vasilick's court-appointed counsel during his 1942 trial.

At the time of oral argument of the instant appeal Walsh urged to this Court that the District Court erred in its factfinding that he, Walsh, had not requested a continuance of the 1942 trial. In doing so Walsh now states that he had "in substance" made such a request but that it was ignored by the trial court. Walsh frankly admits here that he did not testify in the proceedings in the court below that he had "in substance" made the request for continuance at the trial and states that he did not do so because he was concerned that it might disqualify him as acting as counsel for Vasilick in the pending proceeding.

The reason assigned by Walsh for his failure to testify in the District Court with respect to what transpired at the trial is, of course, utterly without merit but the fact remains that the District Court should be afforded opportunity to hear his testimony, which he says he desires to present, on the score of the request for continuance issue.

290

It may be added that the United States Attorney is in accord with the view expressed.

■■ It should be said that we find no error in the District Court's disposition with respect to the other issues presented.

For the reasons stated the Order of the District Court will be vacated and the cause remanded to proceed in accordance with this Opinion.