UNITED STATES of America

v.

William VASILICK, Petitioner, Crim. No. 10515.

United States District Court
M. D. Pennsylvania.
June 30, 1962.

Bernard J. Brown, U. S. Atty., Daniel R. Minnick, Asst. U. S. Atty., Scranton, Pa., for U. S. of America.

Joseph J. Walsh, Scranton, Pa., for petitioner.

SHERIDAN, District Judge.

This matter comes before the Court on a hearing held in accordance with the opinion and order of the United States Court of Appeals for the Third Circuit, 289 F.2d 288, which reversed an order of this Court denying the petition of William Vasilick, defendant, for a Writ of Error Coram Nobis.

On May 29, 1942, in the United States District Court for the District of New Jersey, Vasilick was sentenced to a twenty-five year prison term for a bank robbery which took place in New Jersey. While serving this sentence in the United States Penitentiary at Atlanta, Georgia, Vasilick was indicted for the armed robbery of the First-Stroudsburg National Bank, Stroudsburg, Pennsylvania, which occurred on August 5, 1941. During the latter part of October, 1942, Vasilick was brought to the Middle District of Pennsylvania and lodged in the Luzerne County prison. A co-defendant in the Stroudsburg robbery, Raffael Greco, was lodged in the Lackawanna County prison. Vasilick and Greco were arraigned at 2:00 o'clock P.M. on November 4, 1942, for the Stroudsburg robbery.

Vasilick appeared at the arraignment without counsel. The late Judge Albert W. Johnson appointed Joseph J. Walsh, Esq., a member of the Lackawanna County, Pennsylvania bar, to represent Vasilick. Greco was represented by Anthony A. Calandra, Esq., a member of the New Jersey bar, who had been retained by Greco several months prior to trial. The trial began immediately after the arraignment. On November 12, 1942, the jury returned a verdict of guilty against both defendants. Judge Johnson sentenced Vasilick to a term of twenty-five years, which was to run consecutively to the twenty-five year term imposed by the District Court of New

Jersey. The convictions were affirmed. 3 Cir. 1943, 134 F.2d 1023.

In 1955, Vasilick filed a petition for a Writ of Error Coram Nobis which was treated as a motion to vacate, set aside or correct the sentence, as provided under Title 28 U.S.C.A. § 2255. In his petition, Vasilick stated that (1) while enroute from the penitentiary to the Middle District of Pennsylvania, he was not informed of his destination; (2) he was held incommunicado for two weeks prior to trial; (3) his court-appointed counsel was not granted a continuance so that counsel might have reasonable opportunity to prepare for a trial; (4) Vasilick and his co-defendant, Greco, were handcuffed in the presence of the jury during trial, and were escorted to and from the courtroom by Deputy Marshals with drawn guns; and (5) he was not guilty of the Stroudsburg robbery. After hearing, the petition was denied in an opinion [1] by the late Judge Albert L. Watson.

On appeal, the Court of Appeals vacated the order of Judge Watson and remanded the cause for further proceedings to determine whether Vasilick's court-appointed counsel had sufficient time to prepare a defense. The court found no error in Judge Watson's disposition of the other grounds in the petition.

At the hearing, Mr. T. Harold Campion, then a Deputy Clerk and now the Clerk of this Court, testified that on or about 1:30 o'clock P.M. on November 4, 1942, he was asked by Judge Johnson to recommend a lawyer to represent Vasilick, who was without counsel. Campion told Judge Johnson that Mr. Walsh was in the Clerk's office on some other business. At the request of the Court, Campion went to the Clerk's office and told Walsh that Judge Johnson wanted to see him.

Walsh testified he went into chambers, and Judge Johnson said he wanted him to represent a defendant who was to go to trial in a bank robbery case. When Walsh learned that the trial was to take place immediately, he objected strenuously, stating that this was unfair, and he requested a continuance in order to prepare a defense. He argued this point for about half an hour, but Judge Johnson refused to grant the continuance. There was no record of this discussion.

Walsh entered the courtroom at about 2:00 o'clock P.M., approached the bench and at that time Judge Johnson pointed out Vasilick. Walsh made another request for a continuance, but Judge Johnson refused, stating, "There has been too much delay on this case so far." There was no record of this discussion. Walsh left the bench, went down to the defense table and introduced himself to Vasilick. This was the first time he had ever seen Vasilick.

According to Walsh there was no record of the discussion between Judge Johnson and him in chambers and in the courtroom because at that time there

1. United States v. Greco, D.C., 186 F. Supp. 5.

In 1946, Vasilick filed a petition to correct the sentence imposed for the Stroudsburg robbery. It was denied. 1946, 68 F.Supp. 725. On appeal to the Circuit Court of Appeals for the Third Circuit, the order denying the motion was vacated for the reason that the district judge was disqualified by Section 20 of the Judicial Code, Title 28 U.S.C.A. § 24, 3 Cir., 160 F.2d 631 (1947).

In 1955, Vasilick filed a petition for a Writ of Error Coram Nobis. On July 22, 1956, this was denied by Judge Watson. 141 F.Supp. 829 (1956).

In 1957, Vasilick moved for a reconsideration and reargument of the order denying his petition. On March 17, 1958, this was denied by Judge Watson. 159 F Supp. 830, 831 (1958).

On appeal to the United States Court of Appeals for the Third Circuit, the order was vacated and the cause remanded to the District Court. The mandate of the Court of Appeals (1958—Judge Maris) recites that the remand was upon consideration of a joint motion to remand to the District Court.

The hearing held by Judge Watson was pursuant to this remand. It was not pursuant to 160 F.2d 631 (decided 8 years prior to the time Vasilick filed his petition) as stated in 186 F.Supp. 5.

was no official reporter attached to the court.[2] Walsh did not make a formal motion for a continuance because of the repeated requests he had made in chambers and at side-bar, all of which had been denied. Walsh said the Government's case was based on the identification of Vasilick and the defense would have been an alibi. Since the robbery had occurred about fifteen months prior to trial, the defendant could not recall where he had been at the time the robbery was committed. Walsh did not have sufficient time to investigate, and he groped his way through the trial, making objections and conducting cross-examinations as best he could.

Mr. Campion corroborated that part of Walsh's testimony about the conversations with Judge Johnson at side-bar. At the time Campion was seated at the Clerk's desk, which was immediately in front of the bench, and heard the conversation between Walsh and Judge Johnson.

The transcript of Vasilick's trial supports parts of the testimony of Campion and Walsh. Pages 1 and 2 indicate that the trial began at 2:00 o'clock P.M. with a reading of the indictment. No pretrial discussions by any counsel are found in the transcript.

The transcript (page 5) shows that just prior to the reading of the indictment against Vasilick, the Assistant United States Attorney asked whether Vasilick wanted court-appointed counsel. The following then appears:

"The Court: I will appoint Mr. Joseph Walsh. * * * I spoke to you out there Mr. Walsh."

The record offers additional proof that Vasilick was without counsel, that Walsh was appointed counsel shortly before the trial began, and that Judge Johnson had spoken to Walsh on the matter prior to trial.

2. The transcript starts with the arraignment. The proceedings were taken in shorthand and later transcribed by a reporter, presumably employed by Greco or the Government.

The transcript (page 12) indicates that after the reading of the indictment, the jury was selected. When this was completed at 4:18 o'clock P.M., the following took place:

"MR. WALSH: In view of the fact that I have just been assigned to this case, and the whole question, as I understand it, is identification, we ask that the Government's witnesses be excluded from the court room during the testimony of the others and only one witness at a time be permitted in the court room, because we feel, from a mental standpoint, that a reluctant or perhaps an uncertain witness will be bolstered up by the positive statements of another witness. I think, particularly because I have not had any opportunity to prepare this case—

"MR. MAGUIRE (Asst. U. S. Attorney): I should like counsel to either prepare it or not prepare it. I don't think it is proper to make an argument here that he has not done this or has not done that.

"MR. WALSH: How could I prepare it? If I were in the case from the beginning, I would have prepared it.

"MR. MAGUIRE: We oppose it. It has never been the custom in this court, and there is no particular reason why they should anticipate the Government's case.

"MR. WALSH: If we cannot anticipate the Government's case, your Honor, we can at least assume what it is going to be. This Court is not bound by custom; this Court is bound by its own discretion and nothing else; and while I am not apologizing for not preparing this lawsuit, because everyone here knows I have only been in it for the last hour, I believe if the Govern-

The records in the Middle District of Pennsylvania show that the first official court reporter was appointed on July 18, 1945. Prior to that time the parties employed their own reporters.

ment has a bullet-proof case they should not have any objection."

### FINDINGS OF FACT

In compliance with Title 28 U.S.C.A. § 2255, the Court makes the following findings of fact:

1. On Wednesday, November 4, 1942, at 2:00 o'clock P. M., defendant was arraigned in the United States District Court for the Middle District of Pennsylvania on the charge of having committed the armed robbery of the First-Stroudsburg National Bank, Stroudsburg, Pennsylvania, on August 5, 1941—United States of America v. Raffael Greco and William Vasilick, No. 10,515, June Term, 1942.

2. Prior to arraignment, at approximately 1:30 o'clock P.M. on Wednesday, November 4, 1942, the court appointed Joseph J. Walsh, Esq., a member of the Lackawanna County, Pennsylvania bar, to represent the defendant, who was not represented by counsel.

3. Defendant's court-appointed counsel made several requests to the court for a continuance in order to make an investigation and prepare a defense. These requests were made in chambers and in court prior to arraignment and trial.

4. The court denied the requests of defendant's court-appointed counsel for a continuance.

5. Defendant's trial began at 2:00 o'clock P.M. on November 4, 1942, and resulted in a verdict of guilty on November 12, 1942.

6. Court-appointed counsel for defendant did not have sufficient time to prepare a defense.

The Sixth Amendment of the Constitution of the United States guarantees that in all federal criminal prosecutions the accused shall have the right to have the assistance of counsel for his defense. This right is necessary to insure fundamental human rights and liberty. The right to counsel persists until there is a clear, intelligent and competent waiver by the accused. In this case, since the accused requested counsel and counsel was appointed, there is no question of waiver prior to the beginning of the trial. Assistance of counsel means effective assistance. Bute v. Illinois, 1948, 333 U.S. 640, 660, 68 S.Ct. 763, 92 L.Ed. 986; Glasser v. United States, 1942, 315 U.S. 60, 76, 62 S.Ct. 457, 86 L.Ed. 680; Johnson v. Zerbst, 1938, 304 U.S. 458, 465, 58 S.Ct. 1019; 82 L.Ed. 1461.

Assistance is not effective when counsel has insufficient time to prepare a defense. Powell v. Alabama, 1932, 287 U.S. 45, 71, 53 S.Ct. 55, 77 L.Ed. 158; United States v. Bergamo, 3 Cir. 1946, 154 F.2d 31, 34. Whether time allowed counsel for a defendant for preparation for trial is sufficient depends upon the nature of the charge, the issues presented, counsel's familiarity with the applicable law and pertinent facts, and the availability of material witnesses. Ray v. United States, 8 Cir. 1952, 197 F.2d 268.

Vasilick had been a resident of New Jersey. He was charged with a most serious crime. Since he was confined as a prisoner from the time of indictment to his arraignment and trial, he had no opportunity to investigate the charges against him and prepare a defense. The court prevented Mr. Walsh from acting for him by forcing an immediate trial. Under these circumstances Vasilick could not summon witnesses for his defense, particularly if they were to come from New Jersey. These statements of Chief Judge Biggs in United States v. Helwig, 3 Cir. 1947, 159 F.2d 616, 618, are appropriate:

" * * * But we are faced with the fact that the Clerk's Memorandum indicates that counsel was appointed for Helwig only one minute prior to the commencement of his trial. This record too imports verity and we observe that no one acting on behalf of the United States, by brief or memorandum filed in this court, has controverted Helwig's

fundamental assertion of insufficient time to prepare for trial. We are of the opinion that counsel for an indigent defendant, held in custody, must be appointed by the court sufficiently far in advance of trial to enable counsel adequately to prepare the defense. In the case at bar the period given for preparation was too brief. * * *"

Greco had counsel of his own choice who had been retained several months in advance of trial. The Government's case had been investigated fully over a period of several months. Vasilick was entitled to the same opportunity, particularly when he was to receive virtually a life sentence. He was denied the effective assistance of counsel. His fundamental rights were violated.

The fact that a formal motion for continuance does not appear on the record does not alter this conclusion. There is ample uncontradicted testimony, supported in part by the record, that a request for continuance was made and that the court and the Government were aware that Walsh had no opportunity to prepare the case. Under such circumstances the guarantee of the fundamental right of a defendant to effective assistance of counsel should not depend on whether a formal motion appears on the record. See MacKenna v. Ellis, 5 Cir. 1959, 263 F.2d 35, 42.

Whether Walsh would have been able to secure witnesses or develop other facts is not material. As the Supreme Court stated in Powell v. Alabama, supra, 287 U.S. at page 58, 53 S.Ct. at page 60:

"It is not enough to assume that counsel thus precipitated into the case thought there was no defense, and exercised their best judgment in proceeding to trial without preparation. Neither they nor the court could say what a prompt and thoroughgoing investigation might disclose as to the facts. No attempt was made to investigate. No opportunity to do so was given. * * *"

See also United States v. Helwig, supra.

In appealing the defendant's conviction, Walsh did not raise the matter of the denial of the request for continuance. No reason appears on the record for failure to raise the question. A motion under § 2255 is not to be a substitute for an appeal, and failure to raise on appeal the question of violation of known constitutional rights ordinarily precludes a defendant from a collateral attack on that basis. United States v. Morin, 3 Cir. 1959, 265 F.2d 241, 246. United States v. Brest, 3 Cir. 1959, 266 F.2d 879. United States v. Gironda, 2 Cir. 1960, 283 F.2d 911. Hodges v. United States, D.C.Cir. 1960, 108 U.S.App. D.C. 375, 282 F.2d 858, 863. Larson v. United States, 5 Cir. 1960, 275 F.2d 673, 679. When fundamental constitutional rights are involved, the courts ought not to fashion stringent rules and stereotyped generalizations which provide that in every instance there must be an appeal before resort can be had to § 2255. Resort to § 2255 is barred if the record indicates a conscious election not to appeal. See Larson v. United States, supra. The record in this case shows no conscious election not to appeal on this point.

The testimony and the record prove that both the court and the Government knew the circumstances of Walsh's appointment, and that Walsh did not have an opportunity to prepare the defense. Neither Walsh's failure to appeal nor any disadvantage to the Government on a retrial outweighs the defendant's right to effective assistance of counsel. His constitutional rights are paramount.

An order will be issued vacating the judgment of conviction and sentence and granting a new trial.

The petition filed by the defendant was for a Writ of Error Coram Nobis which this Court treated as a motion to vacate, set aside or correct the sentence under Title 28 U.S.C.A. § 2255. A motion under this section is a new and independent civil proceeding. Martin v. United States, 10 Cir. 1960, 273 F.2d 775; United States v. Stevens, 3 Cir. 1955, 224 F.2d 866, 868. The Clerk

will be directed to docket the proceedings herein accordingly on payment of the proper fee or upon in forma pauperis proceedings as permitted by Title 28 U.S.C. § 1915(a).