Roger A. PADIE, Petitioner,

v.

STATE of Alaska, Respondent.

No. 3113.

Supreme Court of Alaska.

Dec. 30, 1976.

Wendell P. Kay, Kay, Christie, Fuld & Saville, and John Anthony Smith and Max F. Gruenberg, Anchorage, for petitioner.

Avrum M. Gross, Atty. Gen., Juneau, and Joseph D. Balfe, Dist. Atty., and W. H. Hawley, Asst. Dist. Atty., Anchorage, for respondent.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, and BURKE, Justices.

CONNOR, Justice.

This petition for review requires us to consider whether a criminal trial jury may be instructed on the elements of a lesser included offense when the statute of limitations has run on the lesser offense but not the charged offense.

On November 3, 1966, Michael Christian disappeared in Anchorage. His body has never been found. On May 9, 1975, more than eight years later, Roger A. Padie was indicted for the first degree murder of Christian. A mistrial was declared in Padie's first trial in September 1976. We have granted his petition for review, and stayed the retrial pending our decision, to consider this question of first impression in Alaska and to guide the court on retrial.

The general statute of limitations, AS 12.10.010, specifies that a prosecution for murder may be commenced at any time. A prosecution for any other offense must be commenced by indictment or warrant within five years after the offense was committed. Hence at the time Padie was indicted, no charge other than murder could be brought for conduct occurring at the time of Christian's disappearance.

▮ Just as a defendant may not be charged with a time-barred offense, he may not be convicted of it, even as a lesser offense included in one which is not time-barred. Nearly all courts which have considered the question have so held. *See, e. g., Askins v. United States,* 102 U.S.App. D.C. 198, 251 F.2d 909 (1958); *People v. Picetti,* 124 Cal. 361, 57 P. 156 (1899); *People v. Di Pasquale,* 161 A.D. 196, 146 N.Y.S. 523 (1914). *But see, e. g., People v. Lohnes,* 76 Misc.2d 507, 351 N.Y.S.2d 279 (Sup.Ct.1973). *See generally* Annot., 47 A.L.R.2d 887 (1956), and cases cited therein. This conclusion follows from the principles that the statute of limitations is to be construed in favor of the defendant, and that the statute of limitations is jurisdictional.[1] By seeking an instruction on manslaughter, now time-barred, Padie

---

1. The State cites two recent cases considering an analogous problem under 18 U.S.C. § 1153, the Major Crimes Act. This act confers federal jurisdiction over certain enumerated serious crimes committed by Indians on Indian reservations. Among the crimes is "assault resulting in serious bodily injury." Simple assault and battery is not among the crimes listed.

In *Keeble v. United States,* 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973), a defendant charged under the Major Crimes Act with assault resulting in serious bodily injury sought an instruction on simple assault, a lesser included offense. The trial court denied the instruction on the ground that there was no federal jurisdiction over this offense. Keeble appealed his conviction of the greater, charged offense on the ground that he was prejudiced by denial of the instruction on the lesser offense. The Supreme Court agreed, and held that he was entitled to the instruction even though the lesser offense was not named in the jurisdictional statute.

*Felicia v. United States,* 495 F.2d 353 (8th Cir.), *cert. denied,* 419 U.S. 849, 95 S.Ct. 88, 42 L.Ed.2d 79 (1974), considered a question not addressed in *Keeble:* whether, if the jury found the defendant guilty of the lesser offense, a judgment of conviction could be entered. The defendant claimed the federal court was without jurisdiction over the lesser offense, assault and battery, since it was not listed in the Major Crimes Act. The court disagreed.

In view of the general rule that the statute of limitations prevents conviction for a time-barred offense even when it is a lesser offense included in one which is not time-barred, we do not find *Felicia* persuasive.

does not waive the defense of the statute. *Askins, supra. See also Waters v. United States,* 328 F.2d 739, 742–44 (10th Cir. 1964).

■ Padie intends to introduce evidence of passion and provocation in his defense. A provoked killing in the heat of passion is not murder; the provocation negates the malice which is an essential element of murder.[2] 1 R. Anderson, *Wharton's Criminal Law and Procedure* § 274 (1957). Such a killing constitutes manslaughter (AS 11.15.040), and a defendant charged with murder who presents such evidence is entitled to an instruction on manslaughter as a lesser included offense. Alaska R.Crim.Proc. 31(c); *Gray v. State,* 463 P.2d 897, 906 (Alaska 1970); *Jennings v. State,* 404 P.2d 652, 655 (Alaska 1965).

Prior to the first trial of this case, Padie requested such an instruction. The trial court denied it, and also ruled that the statute of limitations barred Padie from presenting evidence of provocation and passion.

Our statutes define first degree murder as a killing by "[a] person . . . of sound memory and discretion, purposely, and . . . of deliberate and premeditated malice" or a killing by poison or in the commission of certain enumerated felonies. AS 11.15.010. Second degree murder is a killing carried out "purposely and maliciously." AS 11.15.030. Manslaughter is an unlawful killing which is neither first nor second degree murder. AS 11.15.040.

■ All three of these offenses require the same physical act, the unlawful killing of a human being. The difference is in the mental state of the perpetrator. *Jennings v. State,* 404 P.2d 652, 655 (Alaska 1965).[3] Mr. Justice Frankfurter expressed this somewhat more graphically:

> "[A] muscular contraction resulting in a homicide does not constitute murder. Even though a person be the immediate occasion of another's death, he is not a deodand to be forfeited like a thing in the medieval law. Behind a muscular contraction resulting in another's death there must be culpability to turn homicide into murder."

*Leland v. Oregon,* 343 U.S. 790, 803, 72 S. Ct. 1002, 1009, 96 L.Ed. 1302, 1311 (1952) (dissenting opinion).

■ Hence Padie may not be convicted of murder unless the jury finds that he possessed the culpable mental state specified in either the first or the second degree murder statute. He is, of course, entitled to have the jury instructed to this effect. That he can no longer be convicted of manslaughter in no way eases the State's burden of proof to convict him of murder.

If Padie presents evidence of provocation and passion, but no instruction tells the jury how this evidence relates to the element of malice, the jury will be left in doubt as to the relevance and legal effect of this evidence.[4] We agree with Padie that there is a danger that they might convict him of second degree murder in those circumstances even though, correctly in-

---

2. The State must negate this defense beyond a reasonable doubt before a defendant may be convicted of murder. *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed. 2d 508 (1975).

3. For a review of the history of Alaska's criminal homicide statutes, and their relationship to each other, see *Gray v. State,* 463 P.2d 897, 901–07 (Alaska 1970).

4. Mr. Justice Frankfurter stressed the need for complete and clear jury instructions on the mental element of each degree of criminal homicide, when the defendant's mental state is a principal issue:

> "[T]he justification for finding first-degree murder premeditation was so tenuous that the jury ought not to have been left to founder and flounder within the dark emptiness of legal jargon. The instructions to the jury on the vital issue of premeditation consisted of threadbare generalities, a jumble of empty abstractions equally suitable for any other charge of murder with none of the elements that are distinctive about this case. . . ."

*Fisher v. United States,* 328 U.S. 463, 486–87, 66 S.Ct. 1318, 1330, 90 L.Ed. 1382, 1396 (1946) (dissenting opinion) (footnote omitted).

structed, they would recognize that he was guilty of no crime more serious than manslaughter.[5] Padie seeks only the same protection against an unjustified conviction for murder which is given to defendants as a matter of course when the lesser offense is not time-barred.

In · *Askins v. United States,* 102 U.S. App.D.C. 198, 251 F.2d 909 (1958), a conviction of a time-barred lesser offense was set aside. The court said that the defendant was not to be denied relief because he had not objected to the instruction on the lesser offense.

> "[H]e could have requested that only the issue of first degree murder be submitted to the jury. But he lost no right by not doing the latter. He was not required to ask for a verdict of either first degree murder or of not guilty; he could seek a verdict of either second degree murder [time-barred] or of not guilty . . . ."

*Id.* at 912.

Two years later, a panel including two of the three judges who decided *Askins,* decided *Chaifetz v. United States,* 109 U. S.App.D.C. 349, 288 F.2d 133 (1960), *rev'd in part on other gds.,* 366 U.S. 209, 81 S. Ct. 1051, 6 L.Ed.2d 233 (1961). *Chaifetz*

held that, since the defendant could not be convicted of the lesser offense (citing *Askins*), the jury could not be told of it, even at the defendant's request, since all jury instructions must accurately reflect the law. Chaifetz was convicted of the greater offense, not time-barred, charged in the indictment. At trial he had unsuccessfully asked for a jury instruction on the time-barred lesser offense. On appeal he contended that he was prejudiced by denial of the instruction. His conviction was affirmed.

 We agree with the *Chaifetz* decision that jury instructions must accurately reflect the law. Accordingly, the jury should not be instructed that they may find Padie guilty of manslaughter. Nevertheless, Padie is entitled to an instruction on the mitigating effect of passion and provocation, requiring the jury to acquit him if he presents such evidence in mitigation and the state does not negate it.[6] The instruction we authorize in this case avoids the problems faced by the *Askins* and *Chaifetz* courts, because it does not permit the jury to find Padie guilty of manslaughter. The drafting of such an instruction we leave to the trial court.[7]

ERWIN, J., not participating.

---

5. "[I]t is no answer to petitioner's demand for a jury instruction on a lesser offense to argue that a defendant may be better off without such an instruction. True, if the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction—in this context or any other—precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction." *Keeble v. United States,* 412 U.S. 205, 212–13, 93 S.Ct. 1993, 1997, 36 L.Ed.2d 844, 850

(1973), described in note 1 *supra.* (Emphasis in original.)

6. The instruction may be given only in the circumstances in which an instruction on a lesser included offense would ordinarily be proper, that is, if the state of the evidence is such that the jury could rationally conclude that Padie is not guilty of murder by reason of passion and provocation. *Keeble v. United States, supra* 412 U.S. at 208, 93 S.Ct. at 1995, 36 L.Ed.2d at 847.

7. We find it unnecessary to reach Padie's contention that the due process clause entitles him to this instruction. Nor do we consider the question, to which some of the cited authorities relate, whether Padie could in these circumstances plead guilty to manslaughter.