**Donald VANDERGRIFT, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17857.**

United States Court of Appeals
Ninth Circuit.

Feb. 5, 1963.

**94**

Thomas E. Headrick, San Francisco, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, Jo Ann Dunne and Richard Murphy, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before MAGRUDER, HAMLEY and DUNIWAY, Circuit Judges.

HAMLEY, Circuit Judge.

Convicted by a jury and sentenced on a charge of robbing postal officials, Donald Vandergrift brought this proceeding, under 28 U.S.C. § 2255, to have the judgment and sentence vacated. The district court denied the motion, holding that the files and records of the case conclusively show that the petitioner is entitled to no relief. Vandergrift appealed and the district court granted leave to proceed on the appeal in forma pauperis. We appointed counsel to represent appellant in this court.

Several grounds for relief were alleged in Vandergrift's section 2255 motion, but only one is renewed here. That ground is that his constitutional right to a fair trial by an impartial jury, guaranteed by the Fifth and Sixth Amendments, was contravened as the result of an improper remark made by the judge at the outset of the trial. The remark in question was as follows:

"This court has no intention that any of these jurors are going to be disturbed during the course of this trial, so the court will not ask any of the jurors to disclose their specific addresses."

The circumstances under which this remark was made are stated below. Immediately after the case was called for trial, and in the presence of prospective jurors sitting in the court room, counsel for co-defendant Raymond John Wagner, speaking for all defendants, objected to proceeding with the trial until they were furnished a list of jurors including the occupation and address of each. Counsel for the prosecution argued against the objection. Treating the objection as a motion that the addresses of prospective jurors be supplied, the court denied the same.

The jury box was then filled with prospective jurors after which the judge made a general statement concerning the nature of the case to all veniremen then in the court room. He then ascertained that none of the prospective jurors in the jury box were acquainted with the defendants, counsel, or principal witnesses. After these preliminaries, the judge began directing questions to a particular venireman, inquiring as to his occupation and the "approximate community" in which he lived.

At this point counsel for Wagner, again speaking for all defendants, interrupted the proceedings to renew his motion, stating that this was being done "to perfect our record. * * *" Specifically, counsel requested the court to ask the specific address and location of the jurors "so that we may know the vicinage and the exact location of his residing, and how close to any matters relating to this case." It was at this point that the judge, in again denying the request, made the questioned remark quoted earlier in this opinion.

Counsel for co-defendant Anthony Joseph Cambiano, speaking for all defendants, immediately objected to the judge's remark as being prejudicial because of the asserted inference therein that "there would be any one of the jurors bothered by anyone." Counsel for co-defendant Wagner, speaking for all defendants, then stated that they had no intention of disturbing any jurors; "* * * we merely desire the information in order that we may approximate and exercise our challenges with knowledge of the exact location, and whether there is any proximity

to any possible witnesses or information, and the approximate location does not give us that satisfactory information." The motion was for a third time denied.

There was no motion for a mistrial, nor any request at that time or later, that the jury be instructed to disregard this specific remark. No such instruction was given but in the general instructions to the jury at the end of the seven-day trial, the court gave the usual instruction concerning the acts and comments of the judge during the course of the trial.[1] Neither appellant nor his co-defendants proposed any instruction dealing with the specific remark in question. Nor did they object to the failure to give such an instruction or to the scope and content of the instruction, quoted in the margin, which was given.

Vandergrift and his co-defendants appealed their convictions to this court and were represented by counsel on that appeal. We affirmed and the Supreme Court denied their petitions for certiorari and for rehearing. Wagner v. United States, 9 Cir., 264 F.2d 524; 360 U.S. 936, 79 S. Ct. 1459, 3 L.Ed.2d 1548; 361 U.S. 857, 80 S.Ct. 481, 4 L.Ed.2d 97.

On that appeal it was strenuously argued that the trial court erred in refusing to provide the information concerning jurors which had been requested.[2] The questioned remark was quoted in the statement of facts set out in the opening brief on the prior appeal, as background for that argument. But no contention was made that the remark itself was prejudicial and no error was specified with regard to it. As indicated in our opinion in Wagner v. United States, 9 Cir., 264 F.2d 524, 527–528, no contention was made on that appeal that the jury selected to try the case was biased or partial in any respect.

 Under the described circumstances we affirm without reaching the question of whether the challenged remark of the trial judge constituted error. If it was error, the matter could have been and should have been raised on appeal, and therefore may not be raised for the first time in this collateral attack on the judgment.

Appellant categorizes his point as a constitutional question. He thus seeks to give application to the usual, although not invariable practice of permitting constitutional questions to be raised collaterally even though they could have been raised on direct appeal from the conviction.[3]

 But, in determining whether a constitutional question is presented, we are not controlled by the label appellant attaches to his point. We must exercise our own judgment, deciding for ourselves

---

1. The court instructed as follows:

"You are instructed that if I have said or done anything which has suggested to you that I am inclined to favor the claims or position of either party, you will not suffer yourselves to be influenced by any such suggestion. I have not expressed, nor intended to express, nor have I intimated nor intended to intimate, any opinion as to what witnesses are, or are not worthy of belief, what facts are, or are not, established; or what inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it."

2. The argument was held to be without merit. Wagner v. United States, 9 Cir., 264 F.2d 524, 528.

3. Jordan v. United States, 352 U.S. 904, 77 S.Ct. 151, 1 L.Ed.2d 114, as construed

in Askins v. United States, 102 U.S.App. D.C. 198, 251 F.2d 909, 911, note 3; Sunal v. Large, 332 U.S. 174, 182, 67 S. Ct. 1588, 91 L.Ed. 1982. In Sunal, both the majority opinion (page 179, note 8, 67 S.Ct. page 1591) and the dissenting opinion of Justice Frankfurter (page 185, 67 S.Ct. page 1594) list a number of Supreme Court cases in which constitutional questions, which could have been raised on appeal, were considered on the merits in collateral proceedings. Sometimes, however, the courts have declined to consider, collaterally, constitutional questions which could have been raised on appeal, as pointed out in Sunal, on page 179, 67 S.Ct. on page 1591. See, also, Kyle v. United States, 2 Cir., 266 F.2d 670, 672; and United States v. Rosenberg, 2 Cir., 200 F.2d 666.

whether the claimed error is of a kind which might have resulted in the denial of some asserted constitutional right.

■ The constitutional rights here asserted are to an impartial jury, as guaranteed by the Sixth Amendment, and to due process of law, as guaranteed by the Fifth Amendment. In our view neither of these rights were, by any possibility, impaired by reason of the quoted remark of the trial judge, however erroneous the making of such remark may have been.

With respect to the impartiality of the jury no contention is made that the jurymen who tried Vandergrift brought prejudice into the jury box with them. Nor is it charged that their impartiality was destroyed by any incident which occurred outside of the court room during the course of the trial, or by any event which occurred in the court room which appellant could not have questioned on direct appeal. Likewise, with regard to the claimed deprivation of due process, nothing dehors the record or otherwise incapable of questioning on direct appeal is relied upon.

■ The fact that a trial court error is prejudicial to defendant does not ipso facto fasten the taint of partiality, in the Sixth Amendment sense, upon a jury which had up to then not been challenged. If this were true every injudicious remark from the bench, every erroneous admission or exclusion of evidence, every giving of an incorrect instruction or refusal to give a correct instruction, which could be cause for reversal on a direct appeal,[4] would present a constitutional question which could be raised for the first time in a collateral proceeding years after the conviction.

■ Nor does the fact that a trial court error is prejudicial to defendant necessarily transform an otherwise fair trial into one which offends Fifth Amendment due process. It does not do so unless it has the effect of converting what was otherwise a fair trial into one which is repugnant to an enlightened system of justice.

The Supreme Court has cautioned against attributing constitutional overtones to errors occurring during the course of a trial which could have been reviewed on direct appeal.[5] We here heed that caution and hold that the question appellant seeks to raise is not available to him in a section 2255 proceeding, and that the district court therefore did not err in denying the motion.

Affirmed.

---

4. Under Rule 52(a), Federal Rules of Criminal Procedure, 18 U.S.C.A., harmless error is to be disregarded.

5. In Sunal v. Large, 332 U.S. 174, 182, 67 S.Ct. 1588, 91 L.Ed. 1982, the court said:
"An endeavor is made to magnify the error in these trials to constitutional proportions by asserting that the refusal of the proffered evidence robbed the trial of vitality by depriving defendants of their only real defense. But as much might be said of many rulings during a criminal trial. Defendants received throughout an opportunity to be heard and enjoyed all procedural guaranties granted by the Constitution. Error in ruling on the question of law did not infect the trial with lack of procedural due process. As stated by Mr. Justice Cardozo in Escoe v. Zerbst, 295 U.S. 490, 494, [55 S.Ct. 818, 79 L.Ed. 1566], 'When a hearing is allowed but there is error in conducting it or in limiting its scope, the remedy is by appeal. When an opportunity to be heard is denied altogether, the ensuing mandate of the court is void, and the prisoner confined thereunder may have recourse to *habeas corpus* to put an end to the restraint.' "