660 F.2d 738
 Bobby Joe COOKS, Plaintiff-Appellant,
v.
James C. SPALDING, Warden of the Washington State
Penitentiary at Walla Walla; Kenneth Eikenberry,
Attorney General for the State of
Washington, Defendants-Appellees.
 No. 81-3192.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Oct. 8, 1981.
Decided Nov. 2, 1981.
 
 Irwin H. Schwartz, Seattle, Wash., for plaintiff-appellant.
 Nate D. Mannakee, Asst. Atty. Gen., Olympia, Wash., for defendants-appellees.
 Appeal from the United States District Court for the Western District of Washington.
 Before BROWNING and WRIGHT, Circuit Judges, and WEIGEL,* District Judge.
 PER CURIAM:
 
 
 1
 Cooks appeals from denial of a petition for habeas corpus. He alleges denial of due process and effective assistance of counsel because his attorney waived his state right to a 12-person jury.
 
 
 2
 Cooks was present when his counsel requested a 6-person jury and voiced no objection until after trial, a guilty verdict by the jury, and his incarceration. The state courts rejected his claim that the waiver was flawed.
 
 
 3
 He claims the trial court denied him due process when it deprived him of his state-created right to a knowing and voluntary election of a jury of less than 12 persons. See generally State v. Allman, 19 Wash.App. 169, 173, 573 P.2d 1329, 1332 (1977); Wash.Crim.R. 6.1(b)(1).
 
 
 4
 Violations of state law, without more, do not deprive a defendant of due process. La Brasca v. Misterly, 423 F.2d 708, 709 (9th Cir.), cert. denied, 400 U.S. 838, 91 S.Ct. 77, 27 L.Ed.2d 72 (1970); Quigg v. Crist, 466 F.Supp. 544, 549 (D.Mont.1978), aff'd, 616 F.2d 1107 (9th Cir.), cert. denied, --- U.S. ----, 101 S.Ct. 323, 66 L.Ed.2d 150 (1980). See generally Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970) (federal constitution does not guarantee 12-person juries in state criminal trials). Habeas corpus relief for an asserted violation of due process is available only when the state court's action is arbitrary or fundamentally unfair. United States ex rel. Burnett v. Illinois, 619 F.2d 668, 670 (7th Cir.), cert. denied, --- U.S. ----, 101 S.Ct. 229, 66 L.Ed.2d 104 (1980); see Debra P. v. Turlington, 644 F.2d 397, 404 (5th Cir. 1981).
 
 
 5
 Cooks' claim is indistinguishable from that rejected by the Seventh Circuit in Burnett. We agree with the Seventh Circuit that an attorney's waiver of a 12-person jury, with the defendant's silent presence, does not constitute an arbitrary or fundamentally unfair trial. The procedure followed by the state court did not deprive Cooks of due process.
 
 
 6
 To show he was denied effective assistance of counsel, Cooks must establish that he failed to receive "reasonably effective and competent defense representation," Cooper v. Fitzharris, 586 F.2d 1325, 1329 (9th Cir. 1978) (en banc), cert. denied, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979), and that he suffered resulting prejudice. Id. at 1331.
 
 
 7
 Since a smaller jury presents both potential advantages and disadvantages for a defendant, see Ballew v. Georgia, 435 U.S. 223, 229-39, 98 S.Ct. 1029, 1033-38, 55 L.Ed.2d 234 (1978), the jury-size decision by Cooks' attorney was tactical. As such, it fails to support a charge of ineffective assistance of counsel. Gustave v. United States, 627 F.2d 901, 904 (9th Cir. 1980).
 
 
 8
 His claim of prejudice amounts to mere speculation.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable Stanley A. Weigel, District Judge, United States District Court for the Northern District of California, sitting by designation