977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Feliciano GALLEGOS, Petitioner-Appellant,
v.
Robert BORG, Warden, Respondent-Appellee.
 No. 91-15679.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 17, 1992.
Decided Oct. 22, 1992.
 
 Before WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 This appeal is from the district court's denial of a petition for writ of habeas corpus following a recommendation by the magistrate that the writ issue. Petitioner argues that he was denied a full and fair hearing on his motion to reduce conviction and that this error was fundamentally unfair, depriving him of a due process right. The district court had jurisdiction pursuant to 28 U.S.C. § 2254. This court has jurisdiction over the timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 BACKGROUND
 
 3
 Petitioner stabbed and killed Ildefonzo Campos after a minor altercation in a bar. On September 12, 1985, an information was filed in the Madera County Superior Court for the State of California, charging petitioner with one count of first degree murder under Cal.Pen.Code § 187 and one count of assault with a deadly weapon under Cal.Pen.Code § 245(a)(1). On December 19, 1985, the jury returned guilty verdicts on both counts.
 
 
 4
 Counsel for petitioner filed a motion for reduction of conviction from first to second degree murder, see Cal.Pen.Code § 1181 (West 1985), arguing that there was insufficient evidence of first degree murder. The trial court judge denied petitioner's motion. Petitioner appealed, arguing inter alia that the trial court denied him a full and fair hearing on his motion by failing to discharge its duty to weigh the evidence independently. Petitioner based his argument on the fact that the judge apparently relied upon a lying in wait theory that was not presented to the jury to sustain the conviction for first degree murder. While agreeing with petitioner that this was error, the California Court of Appeal found that the error did not require reversal. The court found that there was substantial evidence to support the conviction and affirmed. Subsequently, the California Supreme Court affirmed on direct appeal and in state court habeas corpus proceedings.
 
 
 5
 On January 25, 1989, petitioner filed a petition for writ of habeas corpus in the United States District Court, Eastern District of California, challenging the trial court's denial of his motion to reduce the degree of his conviction. The case was referred to a magistrate who recommended that the writ be granted on the motion to reduce. On March 26, 1991, the district court denied petitioner's petition for writ of habeas corpus. Petitioner appeals.
 
 DISCUSSION
 
 6
 The central question presented by this case is whether petitioner received a full and fair hearing on his motion to reduce conviction. Petitioner claims that he was denied this state created due process right. He alleges that the state court failed to weigh the evidence independently in denying his motion for reduction of his murder conviction from first to second degree by relying on a murder theory never presented to the jury. See Cal.Pen.Code § 1181 (West 1985).
 
 
 7
 It is clear to us that the trial court did not deprive petitioner of any due process right in denying his motion. Petitioner argues that the trial court failed to weigh the evidence independently by relying on a theory that was not presented to the jury to sustain his conviction. However, even assuming that the trial court did rely on a theory of lying in wait[1] rather than premeditation, this did not deprive petitioner of his due process right to a full and fair hearing on the motion. We agree with the California Court of Appeal that the judge's finding that petitioner "lay in wait" would necessarily have encompassed a finding that he premeditated his killing. The court stated that by "operation of the statute, murder committed by means of lying in wait is a variety of premeditated murder, i.e., all murder committed by means of lying in wait is premeditated and deliberate." See Opinion of the California Court of Appeal at 14. We hold, therefore that petitioner received a full and fair hearing on his motion to reduce conviction. The trial court's error, if there was any, was a harmless error of state law that did not deprive petitioner of any right protected by the Due Process Clause.
 
 
 8
 The purpose of petitioner's motion to reduce the conviction was to challenge the sufficiency of the evidence supporting a first degree murder conviction based on premeditation and deliberation. In addition to the trial judge's review of the evidence, the appellate court conducted a full and fair hearing of this issue. Under California law, a court conducting "judicial review of a conviction challenged as lacking evidentiary support ... must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence--that is, evidence which is reasonable, credible, and of solid value--such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." People v. Johnson, 26 Cal.3d 557, 578 (1980). The California Court of Appeal, after conducting an independent review, found substantial evidence from which the jury could reasonably have concluded that defendant premeditated and deliberated prior to stabbing the victim. When there is substantial evidence to support a verdict, an appellate court may not modify or set aside the verdict. People v. Longwith, 125 Cal.App.3d 400, 414 (1981); People v. Serrato, 9 Cal.3d 753, 761 (1973), disapproved on other grounds by, People v. Fosselman, 33 Cal.3d 572, 583 n. 1 (1983).
 
 
 9
 The standard applied by the California Court of Appeal is essentially the same as the standard applied in federal habeas corpus cases. Both state that a verdict should be upheld if, upon viewing the evidence in the light most favorable to the prosecution, any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307 (1979); People v. Johnson, 26 Cal.3d at 578. When properly applied, as it was in this case, the California standard meets the requirements of the Due Process Clause. Therefore, the use of an inappropriate theory by the trial court in denying petitioner's motion is a harmless error of state law.
 
 
 10
 In Cooks v. Spalding, 660 F.2d 738 (9th Cir.1981), cert. denied, 455 U.S. 1026 (1982), this court held that "[v]iolations of state law, without more, do not deprive a defendant of due process." Id. at 739. In addition, the court has made clear that habeas corpus relief is available only when errors of state law result in arbitrary or fundamentally unfair state action. Id.; see also Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."). Here, Petitioner can point only to a harmless error of state law, at best, in support of his petition. Moreover, we are convinced that the trial court's alleged error did not result in arbitrary or unfair state action. Because petitioner fails to provide a proper basis for habeas corpus relief, we affirm the decision of the district court.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The California Court of Appeals and the magistrate found that the trial court erred by relying on a theory of lying in wait which was never presented to or relied upon by the jury. However, the government argues that the use of the phrase "lying in wait" by the prosecutor and the trial court did not reflect an independent theory but merely a significant factor supporting the theory of premeditated murder upon which the jury's conviction rested. In other words, both the prosecutor and the judge were looking to the fact that petitioner waited outside the bar for his victim to establish premeditated murder. We find this argument persuasive, but we need not decide the case on this basis for the reasons discussed below