21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louie Eddie PEREZ, Petitioner-Appellant,
v.
Bob GOLDSMITH, et al., Respondents-Appellees.
 No. 92-16598.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 22, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Louie Eddie Perez, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his conviction for six counts of sexual assault. Perez contends that his due process rights were violated when the trial court: (a) made prejudicial remarks to a witness testifying against him; and (b) erred in not granting a mistrial after two jurors saw the same witness vomiting during one of her breaks outside the courtroom and sobbing after her testimony. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993) and affirm.
 
 
 3
 A federal habeas corpus court has no authority to review a state's application of its own laws. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991); Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir.1991). Federal courts may intervene in state judicial process only to correct constitutional violations. Mabry v. Johnson, 467 U.S. 504, 507 (1984); Jammal, 926 F.2d at 919. To warrant habeas corpus relief, an alleged error made by the state court must render the trial so fundamentally unfair as to amount to a denial of due process. Estelle, 112 S.Ct. at 480; Cooks v. Spalding, 660 F.2d 738, 739 (9th Cir.1981) (per curiam), cert. denied, 445 U.S. 1026 (1982).
 
 
 4
 To show that he was denied a fair trial by a comment of the court, the defendant must show prejudice stemming from the comment. United States v. Herbert, 698 F.2d 981, 984 (9th Cir.), cert denied, 464 U.S. 821 (1983); United States v. Price, 623 F.2d 587, 593 (9th Cir.), cert denied, 449 U.S. 1016 (1980). Prejudicial comments made by the court do not rise to the level of a constitutional violation unless they "convert what was otherwise a fair trial into one which is repugnant to an enlightened system of justice." Vandergrift v. United States, 313 F.2d 93, 96 (9th Cir.1963).
 
 Prejudicial comments
 
 5
 Here, state's witness Linda Lopez became emotional during her testimony about her sexual assault, and stated that she was afraid of the defendant, who kept looking at her. The trial court commented as follows:
 
 
 6
 Let me tell you something, Linda. You are in a courtroom. The defendant has a right to be in the courtroom. The defendant has a right to look at any person who testifies in the case about him. But there is absolutely no reason for you to be frightened of him in this courtroom, because I am the judge in this courtroom and we are all here, and there's absolutely nothing that could happen to you for being in the courtroom.
 
 
 7
 We are all sympathetic to a person who has to testify about something which we would all be emotionally involved with. You should understand that there is absolutely nothing for you to be frightened about when you come into this courtroom and when you testify under oath.
 
 
 8
 We are all here and we will be protective of you, and there is no reason for you to be frightened about coming in here and testifying about that, nor is there any reason to be frightened simply because the defendant and his lawyer and other people are in the courtroom.
 
 
 9
 That may not totally satisfy you from the standpoint of being emotional about it, but please accept the assurance of the court that to the extent possible, and it is totally impossible, you have absolutely nothing to be frightened of by coming in here and testifying.
 
 
 10
 (RT of May 28, 1986 at 52-53).
 
 
 11
 Only once did the trial court comment to Lopez in the matter stated above. Moreover, the jury acquitted Perez of six counts of sexual assault and two counts of aggravated assault and armed burglary. Thus, Perez' claim that the trial court's comments to Lopez were so prejudicial as to make the trial fundamentally unfair is meritless. See Herbert, 698 F.2d at 984; Price, 623 F.2d at 593; Vandergrift, 313 F.2d at 96.
 
 Denial of motion for mistrial
 
 12
 Perez claims that the trial court erred in denying his motion for mistrial after two jurors witnessed Lopez vomiting in the women's restroom during a break in her testimony and crying uncontrollably after her testimony. Neither the jurors nor Lopez said anything to each other. Because the jury had already witnessed a lengthy and very emotional testimony from the victim, and was able to acquit Perez of six counts of sexual assault and two counts of aggravated assault and armed burglary, these further incidents did not prejudice the deliberation of the jury, nor make the trial so fundamentally unfair that his due process rights were violated. See Estelle, 112 S.Ct. at 480; Cooks, 660 F.2d at 739.
 
 
 13
 Therefore, the trial court's comments to the victim and its denial of Perez' motion for mistrial did not rise to the level of a due process violation. See Mabry, 467 U.S. at 507; Jammal, 926 F.2d at 919.
 
 
 14
 Accordingly, the district court did not err in denying Perez' Sec. 2254 petition.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3