35 F.3d 570
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tommy Jay GRANTHAM, Petitioner-Appellant,
v.
E.R. MYERS, Warden; Attorney General of California,
Respondents-Appellees.
 No. 94-55102.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 30, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tommy Jay Grantham, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his conviction and sentence for burglary and drug offenses. Grantham contends: (1) he did not receive full credit for presentence custody; (2) the trial court imposed his sentence in violation of state law; (3) he received ineffective assistance of counsel; and (4) he was entitled to relief because his accomplice recanted her trial testimony. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Lowry v. Lewis, 21 F.3d 344, 345 (9th Cir.1994), and we affirm.
 
 
 3
 * State Law Claims
 
 
 4
 Grantham contends the state court failed to give him full credit for his presentence custody, and improperly calculated his sentence under Cal.Penal Code Sec. 12022.1. Because Grantham merely alleges an error in the application of state law, rather than a violation of his constitutional rights, we may not consider his contentions regarding the sentence calculations. See Bueno v. Hallahan, 988 F.2d 86, 88 (1993) (per curiam) ("We must defer to state court's interpretation of state law."); Jammal v. Van De Kamp, 926 F.2d 918, 919 (9th Cir.1991) ("On federal habeas we may only consider whether the petitioner's conviction violated constitutional norms.").
 
 II
 Ineffective Assistance of Counsel
 
 5
 "To demonstrate ineffective assistance of counsel, ... [Grantham] must establish deficient performance and prejudice." See Lowry, 21 F.3d at 346.
 
 
 6
 Grantham contends he received ineffective assistance of counsel because his trial counsel failed to: (1) interview his codefendant, Vicky Molacek, before calling her as a witness or utilize Molacek's no contest plea to a charge related to his offenses; (2) argue that the police officers conducted an unlawful search; (3) look into the poorly conducted police investigation which may have omitted important evidence; (4) adequately cross-examine the state's "star witness" and show that he could not remember anything for sure; (5) object to the trial court's response to the jury's request for clarification of instructions; and (6) investigate facts that could have proved his innocence.
 
 
 7
 Even assuming that trial counsel's conduct fell below the standard of reasonable professional judgment, which is highly dubious, Grantham has failed to show prejudice--i.e., a reasonable probability that, but for counsel's errors, the outcome of the trial would have been different. Grantham's claimed errors amount to mere speculation, and fall well short of establishing prejudice. See Cooks v. Spalding, 660 F.2d 738, 740 (9th Cir.1981) (mere speculation insufficient to establish prejudice), cert. denied, 455 U.S. 1026 (1982). Moreover, the evidence of guilt was overwhelming.
 
 III
 Newly Discovered Evidence
 
 8
 Finally, Grantham contends that Molacek's recantation of her trial testimony constitutes new evidence which entitles him to habeas relief. We disagree.
 
 
 9
 "[T]he mere existence of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for federal habeas relief. More is needed. It must be shown that the newly discovered evidence would probably have resulted in the defendant's acquittal." Gordon v. Duran, 895 F.2d 610, 614-15 (9th Cir.1990) (citations omitted).
 
 
 10
 Here, Grantham has made no showing that had the alleged newly discovered evidence been presented at his trial, he probably would have been acquitted. Molacek's revised account adds little exculpatory value to her trial testimony. Therefore, the district court properly refused to grant habeas corpus relief on this ground. See Gordon, 895 F.2d at 615.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3