**James D. MANZANO, Petitioner— Appellant,**

v.

**Matthew KRAMER, Warden, Respondent—Appellee.**

No. 00–16748.

D.C. No. CV–99–00640–DFL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2002.

Decided May 3, 2002.

Before GOODWIN, THOMAS and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Petitioner James Manzano ("Manzano") appeals the judgment denying his 28 U.S.C. § 2254 petition challenging his California conviction for manslaughter. Manzano alleges that he received ineffective assistance when his trial counsel failed to object to the addition of the felon-in-possession charge. Manzano also alleges due process violations based on inappropriate jury instructions and an erroneous evidentiary ruling. We have jurisdiction pursuant to 28 U.S.C. § 2253, and affirm.

Manzano was charged with second-degree murder of Matt McRavin ("McRavin"), but later received a second count when the government was permitted to make an untimely amendment to the indictment by charging Manzano as a felon in possession of a firearm. By failing to object to the new charge, Manzano's then-counsel sowed the seeds of an appeal to the state courts, and of this habeas proceeding. Because the felon-in-possession count was not yet known to be inappropriate, the murder trial proceeded through instructions and verdict as if Manzano had

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

been, in the eyes of the law, as he was in fact, a felon who used a gun.

On his state appeal, Manzano succeeded in obtaining a ruling by the court of appeal that had two effects: a judicial declaration that (1) the felon-in-possession count should not have gone to the jury; and (2) counsel's failure to object to the felon-in-possession count on state law grounds was ineffective assistance. Despite these two aids to his post-conviction search for relief, the court of appeal nonetheless found the resulting errors harmless with respect to his manslaughter conviction, and sent Manzano off to federal court.

## I Jury Instructions

■ Manzano contends that the felon-in-possession charge improperly prevented the trial court from instructing the jury that he had a right to stand his ground against an attacker. *See* California Jury Instruction ("CALJIC") No. 5.50. Even if the omission of CALJIC No. 5.50 constituted error, it did not rise to the level of a due process violation. *See Cooks v. Spalding,* 660 F.2d 738, 739 (9th Cir.1981) ("Violations of state law, without more, do not deprive a defendant of due process."); *see also Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977) (holding that a more egregious error is required to merit habeas relief premised on an omitted instruction when habeas relief is being sought than when relief is sought on direct appeal). Given the facts of this case and the trial court's other instructions on self-defense, the failure to give a no-duty-to-retreat instruction did not so infect the entire trial that Manzano's conviction violates due process. *See Estelle v. McGuire,* 502 U.S. 62, 72–73, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Masoner v. Thurman,* 996 F.2d 1003, 1006 (9th Cir.1993). It was, of course, a predictable consequence of the failure to strike the untimely count, but it did not deprive him of a fair trial.

We also reject Manzano's contention that the "error" in omitting CALJIC No. 5.50 was compounded by the instruction on CALJIC No. 12.50. That instruction provides that, under certain circumstances, a convicted felon can use a weapon for self-defense without violating Penal Code Section 12021 (felon-in-possession).

■ The trial court instructed the jury to consider the murder and felon-in-possession charges separately, and that CALJIC No. 12.50 should be applied in considering whether Manzano unlawfully possessed a firearm. The instruction, coupled with the judge's reminder to the jury, did not undermine Manzano's defense on the murder charge and had no "substantial and injurious effect" on his manslaughter conviction. *Shumway v. Payne,* 223 F.3d 982, 986 (9th Cir.2000) (quoting *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)).

## II Ineffective Assistance of Counsel

■ Instructed by the state court appeal, the state concedes that trial counsel rendered ineffective assistance by failing to object to the addition of the felon-in-possession charge. Had counsel timely objected, Manzano claims that the trial court would not have given an instruction relevant only to the felon-in-possession charge (CALJIC No. 12.50), but would have instructed the jury that Manzano had a right, like anyone else, to stand his ground when attacked (CALJIC No. 5.50). Manzano contends that without the no-duty-to-retreat instruction, the state was allowed to argue to the jury that Manzano had a duty to leave, and the jury read an exhibit, a note in which Manzano admitted he could have fled after hearing the gunfire. Had the jurors received CALJIC No. 5.50, Manzano contends that they

would have found his use of deadly force reasonable. This contention is speculation.

A review of the record shows without dispute that, after McRavin fired one shot, Manzano stopped his car, exited, and fired one shot back at McRavin. Manzano then fired four more shots at McRavin who, by then, was hiding behind a car. In addition, Manzano's note indicated that he knew he had the alternative of fleeing instead of firing repeatedly at McRavin. Under these facts, we agree with the state court of appeal's conclusion that there is not a reasonable probability that better instructions would have changed the result of the proceeding. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## III  Evidentiary Ruling

Manzano contends that the trial court deprived him of a valid self-defense claim by excluding post-mortem evidence that McRavin was under the influence of methamphetamine intoxication at the time of the incident. There was no federal constitutional error. Manzano does not argue that he was aware of McRavin's drug use at the time of the incident. Therefore, his self-defense claim does not depend on the reasons for McRavin's behavior, but is based on how a reasonable person in Manzano's position, *i.e.*, one who did not know that his attacker was on drugs, would react to the attack. *See, e.g., People v. Humphrey*, 13 Cal.4th 1073, 1083, 56 Cal. Rptr.2d 142, 921 P.2d 1 (1996) (a jury must assess reasonableness "from the point of view of a reasonable person in the position of defendant . . . .") (quoting *People v. McGee*, 31 Cal.2d 229, 238, 187 P.2d 706 (1947)).

Manzano also contends that the trial court ruling barred him from using the drug evidence to impeach a state witness, who testified that McRavin feared Manza-

no. Manzano argues that the testimony suggested to the jury that McRavin's actions were not influenced by drugs and that the trial court should have allowed evidence of McRavin's drug use to rebut the testimony.

As noted, the reason for McRavin's conduct—whether he acted out of fear or whether he was under drug influence—does not help the jury to decide if *Manzano* behaved reasonably. Excluding evidence of the victim's drug use did not bolster Manzano's self-defense claim, and did not render the trial fundamentally unfair. *See Henry v. Kernan*, 197 F.3d 1021, 1031 (9th Cir.1999).

**AFFIRMED.**