Robert Henry BONE, Petitioner–
Appellant,

v.

Mike MAHONEY, Warden, Montana
State Prison, Respondent–
Appellee.

No. 00–35913.

D.C. No. CV–98–96–GF (DWM).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2003.

Decided March 25, 2003.

Before KLEINFELD and MCKEOWN, Circuit Judges, and BREYER, District Judge.*

MEMORANDUM **

Petitioner Robert Bone ("Bone") pled guilty to a double homicide and was sentenced to 100 years imprisonment. He appeals the denial of his habeas corpus petition alleging ineffective assistance of counsel.

Bone first challenges the state court's conclusion that he was not prejudiced by his counsel's failure to investigate the effects of his Haldol medication, and, in particular, the finding that the Haldol did not negatively affect Bone.

■ The state court's finding is not clearly erroneous. *See Green v. White*, 232 F.3d 671, 672 n. 3 (9th Cir.2000) (applying clearly erroneous standard to state habeas court's factual findings). The state trial court reviewed the five hours of videotaped statements and concluded that Bone was "lucid, responsive and capable of making intelligent answers to questions." Bone asserts that the court erred in relying on the videotape rather than on petitioner's expert, Dr. Rich. Because Dr. Rich did not evaluate Bone during the time period in question or review the videotape, he could not and did not testify that Bone's behavior prior to the entry of his guilty pleas was consistent with—or at least not inconsistent with—Bone suffering from Haldol's negative side effects. Thus, the state court did not err in relying on the videotape.

■ Bone also contends that the Montana Supreme Court's finding of no prejudice is logically inconsistent and therefore unreasonable. He notes that the state court held that the fact that Bone did not appear impaired to his trial counsel did not justify counsel's failure to investigate the effects of the Haldol, *Bone v. State*, 284 Mont. 293, 944 P.2d 734, 742–43 (1997), and at the same time concluded that Bone was not prejudiced based on the same lack

---

* Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of external manifestations of impairment. *Id.* We do not see any inconsistency. Trial counsel's impression was one of many factors the state trial court considered in making its finding. For a court to conclude that Bone has not demonstrated prejudice does not mean that a petitioner can never demonstrate prejudice when his counsel did not believe he was mentally impaired. In some cases there may be other evidence, such as medical records or observations of other witnesses, that demonstrate that a defendant's judgment was in fact impaired by medication. Such objective evidence is not present in this case.

Bone also claims as erroneous the Montana Supreme Court's identification of his "demeanor and appearance at the time his pleas were entered" as evidence that the Haldol did not negatively affect Bone. 944 P.2d at 743. He correctly notes that his plea was not videotaped and the state trial judge who denied his post-conviction request was not the same judge who took his plea; thus, there was no evidence of Bone's demeanor and appearance at his plea hearing before the state trial court.

■ Although the Montana Supreme Court did characterize the state trial court's finding as based, in part, on "Bone's demeanor and appearance at the time his pleas were entered," the state trial court never made any mention of Bone's plea hearing appearance or demeanor. The court instead simply quoted Bone's plea hearing statements regarding the effects of his medication. Accordingly, the state court's decision was not "based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Bone also challenges as ineffective assistance of counsel his trial counsel's failure to have Bone undergo a mental evaluation. The Montana Supreme Court did not expressly decide whether counsel's failure to obtain a mental evaluation was deficient. It appears to have decided this issue on the *Strickland* prejudice prong; that is, Bone was not prejudiced by his trial counsel's failure to obtain a mental evaluation. *See Williams v. Calderon,* 52 F.3d 1465, 1470 n. 3 (9th Cir.1995) (stating that it is appropriate to dispose of ineffective assistance of counsel claims on the prejudice prong without deciding whether counsel's performance was deficient).

Bone first argues that this decision was unreasonable for the same reasons as the finding of no prejudice with respect to the failure to investigate the effects of Haldol. Those arguments fail for the same reasons as stated above.

Bone next argues that if he had undergone a mental evaluation his trial counsel would have obtained additional information to support a defense that Bone was guilty of the lesser-included offense of mitigated deliberate homicide, a crime which carries a far less severe sentence than the crimes to which he pled guilty.

■ The prejudice inquiry in this case, however, is whether there is a reasonable probability that, but for counsel's errors, Bone would not have pled guilty and would have insisted on going to trial. *See Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The state trial court found that Bone was extremely remorseful. Bone's trial counsel testified that Bone was the most remorseful client he had ever represented. Moreover, Bone pled guilty in exchange for the State agreeing not to seek the death penalty. Based upon the above facts we cannot conclude that the state court's finding of no prejudice was unreasonable. *See Langford v. Day,* 110 F.3d 1380, 1387–88 (9th Cir.1996) (denying claim of ineffective assistance of counsel on the ground that the record supported the state court's finding that even if the petitioner had been offered

a defense psychiatrist, he would have pled guilty anyway).

■ Bone responds that even if he still would have pled guilty, he was nonetheless prejudiced because the evidence developed from a mental evaluation would have allowed him to plead guilty to mitigated deliberate homicide. The state trial court found that Bone's counsel attempted to negotiate a plea to mitigated deliberate homicide but that the prosecutor refused. There is no evidence in the record that suggests that if Bone had undergone a mental evaluation the prosecutor would have relented and offered a plea agreement to the lesser charge with a shorter term of imprisonment. Bone's speculation is insufficient to support a finding of prejudice, or at the very least, it is insufficient to compel the conclusion that the state court's finding of no prejudice was unreasonable. *See Cooks v. Spalding*, 660 F.2d 738, 740 (9th Cir.1981) (per curiam) (mere speculation insufficient to demonstrate prejudice).

The cases cited by Bone are distinguishable. In *Turner v. Duncan*, 158 F.3d 449 (9th Cir.1998) and *Seidel v. Merkle*, 146 F.3d 750 (9th Cir.1998), the defendants were convicted after a jury trial and the habeas issue was whether the outcome of the trial would have been different if counsel had mounted a mental state defense. *Turner*, 158 F.3d at 457; *Seidel*, 146 F.3d at 757. The inquiry here, in contrast, is whether there is a reasonable probability that had Bone undergone a mental evaluation he would not have pled guilty or he would have entered into a more favorable plea agreement. As is explained above, the state court's conclusion that he would not have done so is not clearly erroneous. AFFIRMED.

