**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30035 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00060-SEH-1 |
| v. | |
| PATRICK JEDIDYA LAVERDURE, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted February 4, 2013
Seattle, Washington

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

Defendant Patrick Laverdure, Jr., was convicted following a jury trial of

three counts of sexual abuse under 18 U.S.C. § 1153 (offenses committed within

Indian country), including the following: aggravated sexual abuse of a person

under 12 years of age under 18 U.S.C. § 2241(c) (Count I); sexual abuse of a

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

person incapable of appraising the nature of the conduct under § 2242(2)(A) (Count II); and abusive sexual contact with a person under 12 years of age under § 2244(a)(1), (c) (Count III). On appeal, he challenges the admission of other-acts evidence, the district court's prohibition of any testimony related to a polygraph examination, the sufficiency of the evidence supporting Count III, and his sentence. The government concedes that Laverdure's conviction on Count II was not supported by substantial evidence. We have jurisdiction under 28 U.S.C. § 1291.

1.    Because we have previously held that Federal Rules of Evidence 413 and 414 are constitutional and do not violate a defendant's due process rights, equal protection rights, or the right to a fair trial and the presumption of innocence, *United States v. LeMay*, 260 F.3d 1018, 1027–28, 1030–31 (9th Cir. 2001), we reject Laverdure's challenge to those rules. And there was no abuse of discretion related to Rule 403 balancing because, in admitting the other-acts evidence, the district court satisfied its duty by properly analyzing each factor from *LeMay*. *Id.* at 1027–28.

2.    The district court did not plainly err in prohibiting any polygraph-related testimony. *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011) (stating the standard for plain error review). Laverdure never alerted the district

2

court to the theory of relevance he now advances on appeal. Even if there was error, it was not plain and it was harmless. Indeed, at argument defense counsel represented that Laverdure's testimony about the circumstances of his confession would have been essentially the same even if he had been allowed to refer to the polygraph.

**3.** Sufficient evidence supports Laverdure's conviction on Count III. Taking all the evidence presented at trial in the light most favorable to the prosecution, a rational trier of fact could have found him guilty of the charged offense beyond a reasonable doubt. *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). M.S.'s testimony coupled with the testimony of other victims abused by Laverdure while sleeping also allows a reasonable jury to conclude that after Laverdure abused M.S., he abused her sister, who woke up and began to cry. M.S.'s testimony as a percipient witness provided corroborating evidence of the *corpus delicti* of the Count III offense, and the FBI agents' testimony was corroborating evidence of the trustworthiness of Laverdure's confession. *United States v. Lopez-Alvarez*, 970 F.2d 583, 591–92 (9th Cir. 1992).

**4.** In light of the government's concession that Laverdure's conviction on Count II was not supported by substantial evidence, we vacate his conviction on

that count and remand for resentencing. Because we remand for resentencing, we need not address Laverdure's challenge to his sentence.

We AFFIRM Laverdure's conviction on Counts I and III, VACATE his conviction on Count II, VACATE his sentence and REMAND for resentencing on Counts I and III.