**NOT FOR PUBLICATION**

JUN 29 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30298 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00060-DLC |
| v. | |
| PATRICK JEDIDYA LAVERDURE, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Patrick Jedidya Laverdure, Jr., appeals from the district court's judgment

and challenges the 160-month sentence and a special condition of supervised

release imposed following his jury-trial conviction for aggravated sexual abuse, in

violation of 18 U.S.C. §§ 1153(a) and 2241, and abusive sexual contact, in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. §§ 1153(a) and 2244.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm in part, vacate in part, and remand for further proceedings.

Laverdure contends that his custodial sentence is substantively unreasonable in light of his personal history and fetal alcohol syndrome.  The district court did not abuse its discretion in imposing Laverdure's sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the nature of the offense and the need to protect the public.  *See Gall*, 552 U.S. at 51.  Accordingly, we affirm the custodial sentence.

Laverdure also challenges the district court's imposition of special supervised release condition 9, which prohibits him from associating with minors in several ways.  In light of the government's concession that this condition is overbroad, we vacate and remand for the district court to consider whether it is necessary to impose a similar but more narrowly drawn restriction.  *See United States v. Wolf Child*, 699 F.3d 1082, 1103 (9th Cir. 2012).  If the court decides to impose a similar condition, it shall undertake an individualized review of Laverdure's relationship with his minor daughter to determine whether the condition should apply to her.  *See id.* at 1093-94.

**AFFIRMED in part; VACATED in part; REMANDED.**

13-30298