**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 19 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

  v.

PATRICK JEDIDYA LAVERDURE, Jr.,

        Defendant-Appellant.

No.   19-35466

D.C. Nos.   4:16-cv-00049-BMM
               4:11-cr-00060-BMM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted May 7, 2020
Portland, Oregon

Before: WATFORD and HURWITZ, Circuit Judges, and BATTAGLIA,[**] District Judge.

After Patrick Laverdure confessed to FBI agents that he sexually abused his nieces, M.S. and S.S., he was convicted of aggravated sexual abuse in violation of 18 U.S.C. § 2241(c) (Count 1), sexual abuse in violation of 18 U.S.C. § 2242(2)(B)

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

(Count 2), and abusive sexual contact in violation of 18 U.S.C. § 2244(a)(1) (Count 3).[1] On direct appeal, the conviction on Count 2 was reversed and the other two convictions affirmed. *United States v. Laverdure*, 507 F. App'x 726, 728 (9th Cir. 2013). After Laverdure was resentenced, he appealed again; we affirmed his sentence but vacated a condition of supervised release. *United States v. Laverdure*, 609 F. App'x 417, 418 (9th Cir. 2015).

Laverdure then filed a 28 U.S.C. § 2255 motion asserting seven claims for relief. The district court denied the motion but issued a certificate of appealability ("COA") on three claims asserting ineffective assistance of counsel. On appeal, Laverdure pursues only two of those claims. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253 and affirm.

1. The presentence report contained a statement by Laverdure's mother that he was born with fetal alcohol syndrome ("FAS"). Trial counsel cited Laverdure's purported FAS as a mitigating factor at sentencing, and we later held that Laverdure's sentence was not substantively unreasonable because of the alleged syndrome. *Laverdure*, 609 F. App'x at 417. In his § 2255 motion, Laverdure now

---

[1] Laverdure is Native American, and the offenses were committed on the Fort Peck Indian Reservation. *See* 18 U.S.C. § 1153.

contends that his lawyer was ineffective for failing to investigate before trial whether Laverdure in fact had FAS and whether it affected his confession.[2]

Neither Laverdure's § 2255 motion nor his supporting brief below contend that he told trial counsel that he was born with FAS; nor did the motion assert that any debilitating condition should have been apparent to counsel. *See Strickland v. Washington*, 466 U.S. 668, 691 (1984). Indeed, the record suggests the contrary: Laverdure held a steady job for several years before his conviction and told the probation officer who prepared the presentence report that he had no medical problems. Laverdure testified at trial that he was of average intelligence, willingly spoke with the FBI agents, and voluntarily confessed. On this record, the district court did not err in denying relief. Trial counsel's "duty to investigate and prepare a defense is not limitless," *Bragg v. Galaza*, 242 F.3d 1082, 1088 (9th Cir. 2001) (citation omitted), and Laverdure's § 2255 motion does not plausibly allege that trial counsel's performance was unreasonable under the circumstances, *see Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).[3]

---

[2] Although Laverdure's § 2255 motion claimed that his confession was coerced, the district court did not issue a COA for that procedurally defaulted claim, and Laverdure does not expressly pursue it on appeal.

[3] The district court denied Laverdure's motion for funds for a psychological expert, stating that it would await the § 2255 motion before ruling on the request. The district court did not expressly revisit the issue when denying Laverdure's § 2255 motion. But even assuming that an evaluation would show that Laverdure

2.      Laverdure also claims that trial counsel was ineffective for failing to contact his sister, who purportedly would have testified that he never babysat his nieces.  But, Laverdure testified at trial that he did watch M.S. and S.S., and he concedes that the record is "silent on this potential testimony" from his sister. Without any "evidence that this witness would have provided helpful testimony for the defense," *Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000), Laverdure's "claim of prejudice amounts to mere speculation," *Hurles v. Ryan*, 752 F.3d 768, 782 (9th Cir. 2014) (quoting *Cooks v. Spalding*, 660 F.2d 738, 740 (9th Cir. 1981)).[4]

3.      "A district court must grant a federal habeas petitioner's motion for an evidentiary hearing 'unless the motion and the files and records of the case conclusively show that [he] is entitled to no relief.'" *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (quoting 28 U.S.C. § 2255(b)).  But, even under this "fairly lenient burden," a petitioner seeking an evidentiary hearing "is nonetheless

---

was born with FAS, it would not establish whether trial counsel was deficient in not investigating Laverdure's medical history.

[4]      For the first time on appeal, Laverdure raises a similar claim as to counsel's failure to contact his mother.  He also argued for the first time in his reply brief below that trial counsel was ineffective for failing to investigate whether M.S. wanted to recant.  We decline to address these issues.  *See Maciel v. Cate*, 731 F.3d 928, 932 (9th Cir. 2013) (standard for expanding COA); *United States v. Ware*, 416 F.3d 1118, 1121 n.2 (9th Cir. 2005) (declining to address arguments not properly presented to district court).

required to allege specific facts which, if true, would entitle him to relief." *Id.* (cleaned up); *see also United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004).

The district court did not abuse its discretion in determining that Laverdure failed to satisfy this burden. *See Rodrigues*, 347 F.3d at 823 (noting standard of review). Laverdure's bare bones § 2255 motion and the accompanying memorandum do not allege that he told trial counsel about his alleged FAS or that trial counsel was aware of any facts that put him on notice to investigate whether Laverdure suffered from this particular condition. As to trial counsel's alleged failure to call Laverdure's sister as a witness, Laverdure's trial testimony contradicts his sister's purported testimony, and he frankly acknowledges that the record is "silent" regarding what she might say. *See id.* at 824 (requiring that a § 2255 petitioner "do more than . . . baldly assert" ineffective assistance).

**AFFIRMED.**

WATFORD, Circuit Judge, dissenting:

I would reverse the denial of Patrick Laverdure's post-conviction motion

under 28 U.S.C. § 2255 and remand for an evidentiary hearing.

A district court may deny a § 2255 motion without an evidentiary hearing

only if "the motion and the files and records of the case conclusively show that the

prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In other words, to justify

dismissal without holding an evidentiary hearing, the district court must find that

the petitioner's allegations "either do not state a claim for relief or are so palpably

incredible or patently frivolous as to warrant summary dismissal." *United States v.*

*Burrows*, 872 F.2d 915, 917 (9th Cir. 1989) (per curiam). Accepting Laverdure's

allegations as true, as we must at this stage of the proceeding, *see United States v.*

*Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003), I would hold that he has stated a

potentially meritorious claim for ineffective assistance of trial counsel.

As to the deficient performance prong of the claim, Laverdure plausibly

alleges that his counsel rendered ineffective assistance by failing to investigate the

factual and legal basis for filing a motion to suppress his confession. He alleges that

he suffers from cognitive deficiencies due to Fetal Alcohol Syndrome Disorder

(FASD), a condition that the psychological literature indicates can leave individuals

vulnerable to coercive interrogation tactics. He also alleges that the FBI agent who

elicited his confession deployed many of the same coercive tactics that we have previously held can lead to involuntary confessions when used against individuals with cognitive deficiencies. *See United States v. Preston*, 751 F.3d 1008, 1026–28 (9th Cir. 2014) (en banc). For example, the FBI agent allegedly (1) pressured Laverdure to change his answers; (2) asked Laverdure to choose between two alternative accounts of the crime, both of which portrayed him in a guilty light; (3) told Laverdure he would receive a more lenient sentence if he confessed; and (4) promised to keep his confession private. Laverdure alleges that, as a result of his FASD, he was confused and intimidated by the FBI agent, believed the agent's false assurances, and felt compelled to tell the agent what he thought the agent wanted to hear.

These allegations are neither "palpably incredible" nor "patently frivolous." *Burrows*, 872 F.2d at 917. The presentence report confirms that Laverdure has FASD, and his testimony at trial is consistent with the allegations in his § 2255 motion. For instance, during his testimony, he mentioned a phobia of authority figures, expressed remarkable naivete about the consequences of his confession, and readily agreed with the prosecutor's statements during cross-examination, even when he lacked personal knowledge to do so. The record also supports the plausibility of Laverdure's account of the interrogation. Laverdure testified that he confessed because he thought he would receive a lighter sentence if the FBI sent the

case to tribal authorities, which is consistent with the allegation in his motion that the FBI agent told Laverdure he could receive a more favorable outcome if he confessed.

The district court rejected Laverdure's ineffective assistance claim on the ground that Laverdure did not allege that his attorney knew or should have known about his FASD. In the district court's view, unless Laverdure told his attorney that he suffered from FASD, or exhibited obvious signs of cognitive impairment, his attorney's performance could not have been constitutionally deficient. But the law requires more of an attorney. To provide effective assistance of counsel, an attorney must conduct a reasonable *investigation*. *Sanders v. Ratelle*, 21 F.3d 1446, 1456–57 (9th Cir. 1994). That includes, at a minimum, asking a client probative questions to elicit potentially relevant information and to discover possible defenses. Without an evidentiary hearing, we cannot know whether Laverdure's lawyer fulfilled this fundamental duty. *See Turner v. Calderon*, 281 F.3d 851, 895 (9th Cir. 2002). The record does not indicate what investigation, if any, his lawyer conducted regarding the details of the interrogation, Laverdure's ability to comprehend the consequences of his confession, or the value of pursuing a psychological evaluation. And while it is possible that Laverdure's lawyer would not have discovered Laverdure's FASD even if he had asked probing questions, the converse seems just as likely. During a routine interview, the author of the presentence report was able to ascertain not only

that Laverdure suffers from FASD, but also that he received special education for learning disabilities associated with the disorder. Thus, depending on the investigation Laverdure's lawyer conducted, his performance may well have been constitutionally deficient.

As to the prejudice prong of Laverdure's ineffective assistance claim, Laverdure plausibly alleges "a reasonable probability" that the outcome of his trial would have been different had his counsel investigated the circumstances underlying his confession. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). If Laverdure's statements to the FBI agent were involuntary, as he alleges, his confession would have been inadmissible at trial. *See, e.g.*, *Preston*, 751 F.3d at 1027–28. Accordingly, had his lawyer conducted a reasonable investigation and filed a motion to suppress, Laverdure's confession would not have been admitted— and the government would have been left with a substantially weaker case. Laverdure likely would not have taken the stand once his confession was excluded, and the only evidence against him would have been the testimony of the two victims (one of whom could not recall whether Laverdure had sexually abused her) and the testimony of two women who claimed that Laverdure had sexually abused them in a similar manner in the past. While a jury could have convicted Laverdure based on that evidence, there is also a reasonable probability that the jury would have reached a different result.

In short, because "the motion and the files and records of the case" do not "conclusively show that [Laverdure] is entitled to no relief," 28 U.S.C. § 2255(b), the district court should have afforded him an evidentiary hearing.